MacFarland et al., Appellants, *v.* Beaver Township Board of Appeals et al., Appellees.

[Cite as MacFarland v. Bd. of Appeals, 9 Ohio App. 2d 57.]

(No. 4563—Decided January 11, 1967.)

*Messrs. Mock & Mock,* for appellants.

*Mr. Clarence A. Covington,* for appellee Beaver Township Board of Appeals.

*Mr. Ralph Del Fraino,* for appellee James Andio.

Guernsey, J. (Presiding.) On March 24, 1965, the plaintiffs, appellants herein, filed their second amended petition in the Court of Common Pleas of Mahoning County, alleging in substance that they are the owners of certain real property located in Beaver Township in that county zoned in part for residential purposes and in part for agricultural purposes, which property abuts property of the defendant James Andio, an appellee herein, which was similarly zoned by a comprehensive zoning ordinance of the township; that Andio made application to "the defendants acting as the purported Beaver Township Board of Zoning Appeals" for a permit to construct a stock car racing track on his property, which permit was conditionally

granted by that board on June 22, 1964; that the permit unlawfully authorizes the construction and operation of a commercial business in violation of the zoning ordinance; that Andio is threatening to operate a race track on his property, and he and his agents are working on, and, unless enjoined, will continue to work on, the construction of the race track; and that plaintiffs will be especially damaged by the zoning violation. The prayer of the petition is for a temporary, and, upon final hearing, a perpetual, injunction, and a declaration that the permit issued is null and void.

To this second amended petition defendant Andio filed his demurrer which, upon hearing, was sustained, the court finding that the plaintiffs had no cause of action under the provisions of Section 519.24, Revised Code, "for upsetting the provisions or regulations of the zoning laws," but "can only enforce the zoning provisions or regulations of the law under R. C. 519.24." The court further specifically found that the case of *Johnson* v. *United Enterprises, Inc.*, 166 Ohio St. 149, has no application; and, the plaintiffs not desiring to plead further, judgment was thereupon entered on March 31, 1965, dismissing plaintiffs' second amended petition. This is the judgment from which this appeal on questions of law is taken.

The only issue raised by the assignments of error is whether, on the facts alleged in their second amended petition, the plaintiffs are entitled to injunctive relief under the provisions of Section 519.24, Revised Code, or whether they must, in lieu thereof, exhaust their rights of appeal from the action of the Board of Zoning Appeals.

Prior to the enactment of Section 519.24, Revised Code, and Section 713.13, Revised Code, discussed in the *Johnson case, supra,* and without reference to the availability of remedy by way of appeal, it was the law of Ohio that a property owner could resort to injunctive process to prevent the violation of a zoning ordinance by virtue of the erection of a noncomplying structure on contiguous property. *Pritz* v. *Messer* (1925), 112 Ohio St. 628, and *Clifton Hills Realty Co.* v. *City of Cincinnati*, 60 Ohio App. 443. *Eggers* v. *Morr* (1955), 162 Ohio St. 521, was decided with reference to appeal provisions applicable to county zoning (Section 307.56, Revised Code) but had no refer-

ence to any special statute providing for injunctive relief; and the Supreme Court held that the injunctive action would not lie in lieu of taking the appeal. In the *Johnson case, supra,* decided in 1957, the Supreme Court distinguished the *Eggers case,* in that there was no question in that case concerning "the erecting, constructing, altering, repairing or maintaining of any building or structure or the use of any land in violation of any zoning ordinance" and "the action was based upon a claimed right to *general equitable relief by injunction.*" (Emphasis added.)

The instant case is parallel to the *Johnson case* both on its facts and on its law, and adopting the reasoning of that case, as applied to Section 713.13, Revised Code, and applying same to Section 519.24, Revised Code, it is our opinion, and we conclude, that the second amended petition herein states a cause of action for injunctive relief under the provisions of Section 519.-24, and that the Common Pleas Court committed error prejudicial to the plaintiffs, appellants herein, in its judgment sustaining the defendant Andio's demurrer and dismissing the plaintiffs' petition. For this error, the judgment is reversed and vacated and the cause is remanded to the Common Pleas Court with instructions to overrule the demurrer and for further proceedings as provided by law.

*Judgment reversed.*

Younger and Gray, JJ., concur.

Younger, P. J., and Guernsey, J. (Presiding), of the Third Appellate District, and Gray, J., of the Fourth Appellate District, sitting by designation in the Seventh Appellate District.