Brown et al., Appellees, v. Sperry et al., Appellees; Myers et al., Appellants.

(No. 237—Decided August 12, 1970.)

*Mr. Sumner J. Walters, Messrs. Koch & Koch* and *Mr. Kenneth Koch,* for appellants.
*Messrs. Beard & Childs* and *Mr. C. Allan Runser,* for appellees.

Guernsey, J. This appeal is from a judgment of the Common Pleas Court of Van Wert County enjoining the defendant board of township trustees, the township zoning inspector, real property owners and their optionee "from issuing a building certificate and from constructing and maintaining on this property a gasoline station or any other structure not in conformity with the township zoning resolutions properly enacted." The judgment was based solely on a finding by the court that a zoning resolution adopted by the board, purporting to rezone the property from a residential and agricultural classification to a classification which would permit the construction and operation of a gasoline station, was invalid, and of no effect because the zoning commission, and the board of town-

ship trustees, failed to give proper notice of their meetings "as required by Section 519.24 [sic] and Zoning Ordinance Article 15.2 B and 15.2 D."

Appeal was taken from this judgment on questions of law and fact but, notwithstanding, the appellants, defendants in the lower court, have filed a bill of exceptions and assignments of error. We conclude that they have thereby abandoned any appeal on questions of law and fact and the same is, therefore, dismissed on questions of law and fact and retained on questions of law only. As we conclude also that this appeal may be disposed of without reference to the statutory requirements pertaining to published and written notice of the hearing of the township zoning commission, and without reference to any notice requirements appearing in the original township zoning resolution, referred to by the trial court, our statement of facts will be confined to only the issues which we treat herein.

The property in question, owned by defendants Robert Myers and Anita Myers, is located in Ridge Township, Van Wert County, Ohio, outside the city of Van Wert. The corporation line of that city constitutes the west boundary line of this property and the east boundary line of land within the city owned and occupied for residence purposes by one of the plaintiff couples. Another plaintiff couple owns and occupies land for residence purposes immediately west thereof, within the city. The two remaining plaintiff couples own and occupy land in Ridge Township, outside the city, and nearby the land in question, being across the road from and west of it. On or about October 5, 1968, Robert W. Myers made application to the Ridge Township Zoning Board to have the zoning of same changed to commercial or business. Following the hearing and approval by the township zoning commission, notice was published in a newspaper of general circulation in the township on December 24, 1968, admittedly only fourteen days prior to the hearing, that the board of township trustees would conduct a hearing on the proposed amendment on January 6, 1969. Pursuant to that hearing a resolution was adopted by the

board to amend the zoning accordingly. The plaintiffs brought an action for injunction, their theory being that the amending resolution was invalid and of no effect and that the prior zoning classification for residential and agricultural purposes only still pertained. A demurrer to plaintiffs' petition was filed by the defendants, claiming a defect of parties plaintiff in that two couples thereof were allegedly not residents of the township, and that no cause of action in injunction would lie because the plaintiffs had not exhausted their administrative and legal remedies. The Common Pleas Court overruled the demurrer, and the defendants did not stand thereon, but answered and proceeded to trial.

The defendants, appellants herein, assign as error that the Common Pleas Court erred (1) in overruling their demurrer to the petition; (2) in overruling their motion to reserve cross-examination of plaintiffs' witness, Bagley, until after evidence on behalf of defendant oil company had been presented; (3) in holding that the act of the trustees in amending their zoning resolution was invalid; and (4) in that the judgment of the trial court is against the weight of the evidence and contrary to law.

Appellants' first assignment of error is without merit for if there was error in overruling their demurrer, it was waived when they did not stand upon their demurrer and let judgment be entered against them. *Mitchell* v. *McCabe* (1841), 10 Ohio 405. See, also, 67 Corpus Juris Secundum 1105, Parties, Section 105, notes 4 and 5. A defect in parties, if there was one, would not prevent judgment against the defendants if any of the parties plaintiff could successfully prove a cause of action in injunction against them. Notwithstanding the overruling of the demurrer, the defendants could still assert, as did the defendants Myers in their answer, that injunction would not lie because plaintiffs had allegedly not exhausted their administrative and legal remedies.

The second assignment of error is without merit for a trial court has a broad discretion in determining the order in which evidence will be received and it does not ap-

pear that defendants were prejudiced by the ruling of the trial court, there being substantial evidence of probative value, other than that adduced from this witness, that the plaintiffs would be especially damaged if this real property were used contrary to the zoning which the trial court determined to be in effect.

With respect to the third assignment we observe that the reference in the trial court's journal entry to R. C. 519.24 is obviously in error as that section deals with remedy and not with notice. The statute involved and which should have been referred to in the journal entry was R. C. 519.12 which reads, in pertinent part, as follows:

"* * * The board of township trustees shall, upon receipt of such recommendation [the rezoning recommendation of the township zoning commission], set a time for a public hearing on such proposed amendment or supplement * * *. Notice of such public hearing shall be given by the board by one publication in one or more newspapers of general circulation in the township, *at least fifteen days before the date of such hearing.*" (Emphasis added.)

We find no published case wherein a court has determined that this statutory requirement as to the time of giving published notice is mandatory. However, R. C. 713.-12, dealing with the adoption of zoning ordinances by municipalities, is almost identical to R. C. 519.12 in its language with respect to published notice, differing only as to the number of days of notice. In the case of *Morris* v. *Roseman* (1954), 162 Ohio St. 447, the Supreme Court held an emergency ordinance of a village "unauthorized and ineffective" when attempted to be adopted in a manner contrary to R. C. 713.12, which requires the holding of a public hearing on such ordinance preceded by a 30-day notice of the time and place of such hearing. In other words, the fulfillment of such requirements were necessary to the validity and effectiveness of the ordinance. The similarity between these statutory provisions is so close, we deem the reasoning and conclusion of *Morris* v. *Rose man* to be controlling. The rezoning resolution attempted to be adopted here by the board of township trustees was unauthorized and ineffective because published notice of

the hearing on the proposed amendment was not given "at least fifteen days before the date of hearing." The third assignment of error is, therefore, without merit.

R. C. 519.24 is a special statute and any person coming within its terms may avail himself of its provisions even though he may have other remedies. *MacFarland* v. *Beaver Twp. Bd. of Appeals* (1967), 9 Ohio App. 2d 57. See, also, *Johnson* v. *United Enterprises, Inc.* (1957), 166 Ohio St. 149. Additionally, the action complained of constituted the exercise of a legislative function of the board of township trustees from which no administrative or other appeal would lie and the plaintiffs had no remedy except by way of injunction. *Tuber* v. *Perkins* (1966), 6 Ohio St. 2d 155, and *In re Application of Latham,* case No. 8097, Court of Appeals for Franklin County, decided December 28, 1965 (unreported).

The defendants have not overcome the substantial evidence of probative value that all of the plaintiffs would be specially damaged by the zoning violation of which they complain. Compare *Morris* v. *Roseman, supra,* where the plaintiffs were "the owners of and live in residence properties near the Roseman land." Thus, if we consider only the plaintiffs who did not live in the city, there are plaintiffs having capacity to sue and especially damaged who have proved a cause of action in injunction against the defendants. The facts do not support any conclusion that *if* the notice requirements could have been waived by the plaintiffs having capacity to maintain this action, that they were, in fact and in law, waived by all of such plaintiffs. We conclude that the judgment of the trial court is neither against the weight of the evidence nor contrary to law and that the fourth assignment of error is without merit.

Finding no error prejudicial to the appellants in any of the particulars assigned and argued, the judment of the trial court is affirmed.

*Judgment affirmed.*

YOUNGER, J. (Presiding), and KERNS, J., concur.

KERNS, P. J., of the Second Appellate District, sitting by designation in the Third Appellate District.