BOARD OF TOWNSHIP TRUSTEES, APPELLANT, v. SPRING CREEK
GRAVEL COMPANY, INC., APPELLEE.

[Cite as Bd. of Trustees v. Spring Creek Gravel Co.
(1975), 45 Ohio App. 2d 288.]

(No. 75-CA-5—Decided June 30, 1975.)

*Mr. Norman P. Smith,* prosecuting attorney, for appellant.

*Mr. David J. Young* and *Mr. Rodney R. Blake, Jr.,* for appellee.

McBRIDE, J. This appeal raises the question of the existence of an amended zoning resolution where there is no record of its adoption by the township trustees. The facts are relatively undisputed. In 1955, the citizens of Washington Township enacted zoning regulations. Amendments were considered in 1973. Notice of a hearing on an amended resolution was published and the minutes indicate that on August 16, 1973, a special session was held for the purpose of a public hearing of the proposed amendments. The minutes of that meeting record that no interested parties, other than the officers, appeared. The minutes further in-

dicate that the meeting adjourned an hour later for lack of further discussion. Two trustees and the clerk were present at this session. One of the two trustees subsequently died.

At the following meeting in September, the trustees discussed amendments to the zoning map and regulations. There is no evidence that notice was given to the public of an additional hearing or of new proposals, suggesting that no action had been taken at the preceding meeting. The clerk and one trustee who attended the meeting of August 16, 1973, testified that the amended zoning resolution and map were adopted at the meeting of August 16, 1973. No effort was made to correct the minutes and it is undisputed that there is no record of the adoption of the amended zoning resolution. It is also undisputed that the defendant, the appellee herein, secured a zoning certificate on November 29, 1974, from the zoning enforcement officer to mine gravel and that defendant engaged in mining until temporarily enjoined by the court as a result of this action initiated to enforce the amended regulations allegedly adopted on August 16, 1973. After a hearing, the trial court dissolved the temporary order and denied a preliminary injunction. The parties stipulated that the evidence would be the same on the merits and on February 26, 1975, the motion for a permanent injunction was denied. The trustees of Washington Township then filed a notice of appeal to this court.

It is the claim of the prosecuting attorney on behalf of the trustee that the amendment was adopted on August 16, 1973, as testified to by one trustee and the clerk. The defendant takes the position, accepted by the trial court, that the trustees met August 16, 1973, at the public hearing, as expressed in the minutes, and adjourned without action on the proposed mendments.

It is worthy of note that R. C. 519.12 provides, among other things, for the submission of a petition for a referendum vote within thirty days after the adoption of an amendment to a zoning resolution. The failure to record the adoption of an amendment substantially affects the right to request a referendum; however, in view of the con-

clusion of the court, it is not necessary to explore this problem and it is not raised as an assignment of error.

Needless to say, a township zoning resolution and map is a lengthy and complicated piece of legislation. It is also extremely important. It regulates the use of every piece of land in Washington Township. The procedural steps for amending a zoning regulaton are governed by R. C. 519.12.

The township trustees are governed by R. C. 507.04, which requires the clerk to *"keep an accurate record of the proceedings of the township trustees at all its meetings"* as well as by R. C. 121.22, which provides that the minutes of a regular or special session or meeting *"shall be promptly recorded and such records shall be open to public inspection."*

It is true that in *Thomas v. Bd. of Trustees* (1966), 5 Ohio App. 2d 265, the Court of Appeals for Trumbull County held that the omission of such a record does not, per se, invalidate the action of township trustees which is otherwise valid. This case involved the discharge, after a public hearing, of a township constable. The court said, at page 266, that the act of recording in this instance was a *ministerial* act. The parties were present and no others were involved. A clear distinction must be made between these administrative activities and those which assume the nature and importance of *legislative* acts which involve the public and the imposition of sanctions against the person and property of possibly every citizen of the township.

It may well be that zoning resolutions should be liberally construed to carry out their purpose; however, the statutory and mandatory steps leading to such legislative enactments must be strictly construed. *Brown v. Sperry* (1970), 23 Ohio App. 2d 163; *Crist v. True* (1973), 39 Ohio App. 2d 11. Not only must the rights of the public be protected, but courts must be cautious not to encroach into the sphere of exclusive legislative power. *Schlagheck v. Winterfeld* (1958), 108 Ohio App. 299.

The Supreme Court of Ohio has said that the granting of a permit is "only a ministerial act" and the mere delay of the clerk in recording such grant does not invalidate it.

*Ratcliff* v. *Teters* (1875), 27 Ohio St. 66. Here we find two significant distinctions: the act of the trustees was not legislative and the clerk did belatedly make up the record.

In *Gray* v. *Trustees of Monclova Twp.* (1974), 38 Ohio St. 2d 310, the court held that the adoption of an amendment to a previously approved planned unit development plat is *legislative action*. True, the court also said that such action was entitled to a presumption of validity; however, there was no issue regarding its procedural enactment. In the instant case, in Washington Township there is no record of enactment so as to breathe life into any presumption. In any event, in the total absence of a record of the adoption of the amended zoning resolution, the testimony of the two officers, contradicted by the minutes of the following meeting, is insufficient to justify a judicial finding that such law was enacted or to substantiate its contents.

There is a clear distinction in the Ohio cases between legislative acts and acts that are administrative or ministerial in nature. Cases referring to the latter have no application to legislation affecting the public. The trustees of Washington Township ask this court to enforce an amended zoning regulation when their own records indicate no more than a public hearing was held and no one appeared. They do not seek to impeach, supplement or correct a legislative record, but rather to establish it and thereby enact—retroactively at that—a law the record of which is not in existence.

It should be no surprise that a precise precedent has not been discovered. Never before has the court been asked to enforce a non-existent law. It is, however, helpful to review a few decisions which suggest the caution with which courts approach efforts to impeach, supplement or correct legislative records.

In *Billington* v. *Cotner* (1971), 25 Ohio St. 2d 140, 149, the court inquired: "Is parol evidence admissible to show that the City Council of Cleveland acted other than as reflected in its journal?" Without repeating here the authorities mentioned, the court found the law in Ohio and elsewhere to be that parol evidence is not admissible to

impeach a legislative journal. The imperative reasons of public policy that require authenticity of permanent public memorials of legislative acts is well pointed out in *State, ex rel. Herron,* v. *Smith* (1886), 44 Ohio St. 348; *Wrede* v. *Richardson* (1907), 77 Ohio St. 182; *State* v. *Kiesewetter* (1887), 45 Ohio St. 254.

The dissent in *Billington* v. *Cotner, supra,* sought to distinguish between a gross and a trivial omission; however, as applied to the instant case, were we to assume that the trustees did adopt the resolution, the court is asked to create in all its intricate details a comprehensive zoning law and its accompanying map as well as dictate the affirmative action of each member of the legislative body. This would be retroactive, judicial legislation and a violent trespass upon the separation of governmental powers.

It is not necessary to rely upon the constitutional implications that may be argued. Simply stated, the statutes requiring a record of action by the township trustees are mandatory when such action is legislative in nature. Where there is no record of the adoption of an amended zoning regulation by the township trustees, such amended zoning regulation did not become law and does not exist. In the absence of such a record, it is conclusively presumed that the trustees took no action. For the reasons that have been discussed, both assignments of error are denied.

*Judgment affirmed.*

KERNS, P. J., and SHERER, J., concur.