Defendant-appellant, William Redmon, appeals a decision, judgment entry and permanent injunction issued by the Warren County Court of Common Pleas, regarding a zoning dispute with plaintiff-appellee, the Clearcreek Township Zoning Commission. We affirm.
Appellant is the owner of property located at 7977 Bunnell Hill in Clearcreek Township. It is undisputed that, under the Clearcreek Township Zoning Resolution ("Zoning Resolution"), appellant's property is zoned "R-1 Rural Residence." By 1991, a fence, approximately eight to ten feet high, had been built around the entire perimeter of appellant's property. Inside the fence, appellant had a typical house and a garage. The parties agree that the original fence did not require a zoning permit. However, beginning in 1991 and continuing until 1997, appellant began to expand the fence (the "expansion"), but never received a zoning permit for the expansion.
The expansion includes two "watchtowers," which can be seen rising over the original fence. Appellant's neighbors complained to appellee about these watchtowers. After zoning officials personally observed the watchtowers from adjoining property, appellee and the Warren County Combined Health District filed a complaint and application for a permanent injunction on June 3, 1996. The complaint alleged the construction constituted a public health nuisance and also averred that appellant violated sections5.02, 17.01 and 17.02[1] of the Zoning Resolution. Before trial, the Warren County Combined Health District dismissed its claims.
In February 1997, appellee's zoning inspector and others conducted a thorough inspection of the entire property. The inspection revealed a roof structure that is supported by the fence and, except for an area on the north side of the property, covers the entire curtilage of the house. Also, just inside the fence, a series of posts provides further support for the roof structure. Underneath the expansion, a large amount of appellant's personal property is stored. Appellant variously described this structure as a Jamestown fence, a security fence, a veranda or a deck. He testified that the roof allowed him to have security to keep outsiders from robbing his property or picking the locks of his house.
After a trial on April 30, 1997, the court concluded that appellant, by not acquiring the necessary permits, had violated sections 17.01 and 17.02 of the Zoning Resolution. The court ordered that appellant "must demolish or otherwise remove the roofing structure within the fence surrounding the property," and also assessed a fine of $100 a day for failure to comply within sixty days of the court's decision, with the fine continuing for a maximum of thirty days. Finally, the court permanently enjoined appellant from "further violations by keeping upon the premises the offending structures,."
Appellant filed a timely notice of appeal. Upon appellant's motion, the trial court ordered a stay of enforcement of the judgment, pending the outcome of this appeal. In his appeal, appellant asserts the following assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT FOUND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND ERRED AS A MATTER OF LAW IN CONCLUDING, THAT THE AUGMENTED FENCE ON MR. REDMON'S PROPERTY WAS A "BUILDING" WITHIN THE DEFINITION PROVIDED IN THE CLEARCREEK TOWNSHIP ZONING RESOLUTION.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN CONCLUDING, AND FOUND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, THAT MR. REDMON VIOLATED ANY PROVISION OF THE CLEARCREEK TOWNSHIP ZONING RESOLUTION.
Assignment of Error No. 3:
 THE TRIAL COURT'S ORDER THAT THE ROOFING STRUCTURES ON MR. REDMON'S FENCE BE TAKEN DOWN IS OVERBROAD, INEQUITABLE, AND AN ABUSE OF DISCRETION.
In the first two assignments of error, appellant argues the Zoning Resolution was not violated because the expansion is not covered under its regulations. As the issues surrounding the first two assignments of error are closely related, we address them together.
We initially note that "judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C. E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, 280. In Chapter 3, Definitions, Section 3.16 of the Zoning Resolution, it states that a "building" is "[a]ny structure designed or intended for support, enclosure, shelter or protection of persons, animals, chattels, or property." (Emphasis added.) A structure is defined as "[a]nything constructed or erected, the use of which requires fixed location on the ground or attached to something having a fixed location on the ground, including buildings, outdoor signs, billboards, backstops for tennis courts, pergolas, and swimming pools." Zoning Resolution, Section 3.69.
The expansion is attached to the fence in many areas and the fence is clearly in a fixed position. Also, the expansion is supported by posts, which are also in fixed locations. Therefore, the expansion is a structure within the meaning of Section 3.16
of the Zoning Resolution. The record also provides ample evidence that the expansion is a building. Appellant testified the expansion was for his personal protection and the storage of personal property. While a fence[2] is not subject to the zoning commission's approval, the expansion constructed by appellant is a building, which required a zoning permit.
Appellant suggests that the expansion is not a structure because the fence which supports the expansion has no foundation. We disagree. The Zoning Resolution defines a structure as anything attached to something with a fixed point in the ground, but does not require the fixed object to have a foundation. Given the clear wording of the resolution, there is no need to look beyond the plain meaning of the statutory language. See State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn. (1996),74 Ohio St.3d 543, 545; State ex rel. Burrows v. Indus. Comm. (1997), 78 Ohio St.3d 78, 81. Since we conclude that credible evidence exists that the expansion is both a structure and a building as defined by the Zoning Resolution, the trial court was entitled to conclude appellant violated sections 17.01 and 17.02 of the Zoning Resolution by failing to obtain the necessary permits. The first and second assignments of error are overruled.
Appellant's third assignment of error alleges the trial court's decision, judgment entry and permanent injunction were an "abuse of discretion, overbroad and vague." In regard to vagueness, the trial court's decision distinguishes between the original house and garage and the subsequent expansion. Appellant was on notice that he violated the Zoning Resolution because of the expansion. The record makes clear that the original house and garage were never found to violate the Zoning Resolution. See United States v. Harriss (1954), 347 U.S. 612, 617, 74 S.Ct. 808,817.
We also do not consider the actions of the trial court an abuse of discretion. See Garono v. State (1988), 37 Ohio St.3d 171,173 (The decision to grant or deny injunctive relief is within the discretion of the trial court). It is true that the order to demolish the expansion is not covered under the penalty section of the Zoning Resolution. However, section 1.01 of the Zoning Resolution indicates it was written "all in accordance with the provision of Section 519 the Ohio Revised Code." (Emphasis in original). R.C. 519.24 states that:
 In case any building is or is proposed to be located, erected, constructed, reconstructed, enlarged, changed, maintained, or used or any land is or is proposed to be used in violation of sections 519.01 to 519.99, inclusive, of the Revised Code, or of any regulation or provision adopted by any board of township trustees under such sections, such board, the prosecuting attorney of the county, the township zoning inspector, or any adjacent or neighboring property owner who would be especially damaged by such violation, in addition to other remedies provided by law, may institute injunction, mandamus, abatement, or any other appropriate action or proceeding to prevent, enjoin, abate, or remove such unlawful location, erection, construction, reconstruction, enlargement, change, maintenance, or use. (Emphasis added).
This section provides authority for the trial court's order to demolish the expansion. Id. Moreover, since the prosecuting attorney for Warren County filed the original action, as opposed to an adjacent property owner, special harm need not be shown to warrant injunctive relief under R.C. 519.24. Id. Finally, the fact that a monetary penalty was imposed does not foreclose an equitable remedy. MacFarland v. Board of Appeals (1967), 9 Ohio App.2d 57,58-59. Since the order for injunctive relief is allowed by statute and supported by the record, the trial court was within its discretion to order the destruction of the expansion. The third assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.
[1] Sec. 5.02 states that "[n]o building shall be erected, converted, enlarged, reconstructed or structurally altered, nor shall any building or land be used which does not comply with all of the regulations established by this code for the zone in which the building is located." Sec. 17.01 states that "* * *, no buildings or other structures shall hereafter be located, constructed, enlarged or structurally altered or shall any work be started upon same until a zoning permit has been issued by the Clearcreek Township Zoning Commission, which permit shall state that the proposed building and use comply with all the provisions of this Code, permits shall expire six (6) months after date of issue, if work has not been started." Sec. 17.02 states that "* * *, no land shall be occupied or used and no building hereafter located, constructed, reconstructed or enlarged or structurally altered shall be occupied or used in part or in whole for any purpose whatsoever until a zoning certificate of occupancy is issued by the Clearcreek Township Zoning Commission, stating that the building and use comply with the provisions of this Code, no change of use shall be made in any building, or part thereof, now or hereafter located, constructed, reconstructed, enlarged or structurally ordered without a permit."
[2] A fence is defined as "a structure of posts and boards, wire, pickets, or rails commonly used as an enclosure for a field or yard." Webster's Third New International Dictionary (1993) 837. Even if we could accept appellant's alternative argument that the expansion is a kind of fence, it is still a building subject to the Zoning Resolution.