[Cite as *State ex rel. Miller Diversified Holdings, L.L.C. v. Wood Cty. Bd. of Elections,* **123 Ohio St.3d 260, 2009-Ohio-4980.**]

THE STATE EX REL. MILLER DIVERSIFIED HOLDINGS, L.L.C., ET AL. *v.*

WOOD COUNTY BOARD OF ELECTIONS.

[Cite as *State ex rel. Miller Diversified Holdings, L.L.C. v. Wood Cty. Bd. of Elections,* **123 Ohio St.3d 260, 2009-Ohio-4980.**]

*Prohibition — Writ to prevent board of elections from submitting three township zoning resolutions to electorate — Substantial misstatement of acreage in referendum petition conveys mistaken and confusing impression of zoning resolutions — Writ granted in part and denied in part.*

(No. 2009-1573 ─ Submitted September 17, 2009 ─ Decided

September 28, 2009.)

IN PROHIBITION.

————————————

**Per Curiam.**

**{¶ 1}** This is an expedited election action for a writ of prohibition to prevent a board of elections from submitting three township zoning amendments to the electorate at the November 3, 2009 general election. Because relators have established their entitlement to the requested extraordinary relief for one of the three amendments, we grant the writ to prevent the referendum election on that amendment and deny the writ to prevent the referendum elections on the remaining amendments.

## Facts

### *Zoning Amendments*

**{¶ 2}** Relators, Miller Diversified Holdings, L.L.C. ("Miller") and McCarthy Builders, Inc. ("McCarthy"), have options to purchase certain parcels of real estate located in Perrysburg Township, Wood County, Ohio. The parcels

are known as the Wolf parcel, the DeChristopher parcel, and the Neiderhouse parcel.

{¶ 3} In 2007, Miller and McCarthy, through a commonly owned entity known as Velocity Development, L.L.C., and with the approval and consent of the landowners, submitted applications to the Perrysburg Township Board of Trustees to rezone the three parcels to develop single-family residential subdivisions. More specifically, Miller and McCarthy sought to rezone (1) about 30.593 acres of the Wolf parcel, which was approximately 41 acres, from R-1 (Rural Residential District) and R-2 (Suburban Residential District) to R-3 (Suburban Residential District), (2) about 98.714 acres of the 99.9-acre DeChristopher parcel from A-1 (Agricultural District) to R-4A (Suburban Residential District), and (3) the entire Neiderhouse parcel from A-1 (Agricultural District) to R-3 (Suburban Residential District).

{¶ 4} On December 17, 2007, the township board of trustees adopted resolutions rezoning the three parcels that differed in certain particulars from the rezoning requested by Miller and McCarthy, including adding conditions. In Resolution 2007-28, the board of trustees rezoned the Wolf parcel from R-1 and R-2 to A-1 and R-3, instead of simply to R-3 as requested. In Resolution 2007-29, the board of trustees approved the application to rezone the specified portion of the DeChristopher parcel from A-1 to R-4A. In Resolution 2007-27, the board of trustees rezoned the Neiderhouse parcel from A-1 to A-1 and R-3, instead of solely to R-3 as requested.

{¶ 5} As noted, the board's rezoning of the three parcels was subject to various conditions. For example, the rezoning of the Wolf and Neiderhouse parcels was conditioned on the properties being developed substantially in accordance with preliminary plans attached to the resolutions. In addition, all of the resolutions contained the following conditions:

**{¶ 6}** 1. "Future lot owners in the subdivision developed on the [parcel] shall not be required to sign annexation petitions and there shall not be any annexation provisions, powers of appointment or powers of attorney regarding annexation in future purchase contracts or any annexation covenants in future deeds that arise as a matter of contract; and

**{¶ 7}** 2. "McCarthy Builders, Inc., an Ohio corporation, its successors and assigns, shall file an affidavit pursuant to R.C. 5301.252, or similar instrument, releasing the right to annex lots in the Emerald Lakes Subdivision, or to exercise any powers of appointment or powers of attorney regarding annexation following the effective date of this resolution, as finally determined, demonstrating that there exist no contracts or agreements of any kind with owners of the [parcel], or any real estate that is contiguous to the [parcel], that confer upon any third party the right to compel the annexation of the [parcel] to any municipality."

### Referendum Petitions and Protest

**{¶ 8}** After the township board of trustees passed the resolutions rezoning the three parcels, certain township residents circulated separate referendum petitions seeking to submit the rezoning for each of the parcels to township electors at the November 4, 2008 general election. The petitions were submitted to the board of trustees, but the board refused to certify the petitions to respondent, Wood County Board of Elections.

**{¶ 9}** Shortly thereafter, certain petition circulators filed a petition in the Court of Appeals for Wood County for a writ of mandamus to compel the township, its trustees, and its fiscal officer to certify the referendum petitions to the board of elections. In February 2009, the court of appeals granted the writ of mandamus to compel the respondents in that case to certify the referendum petitions to the board of elections. *Hunter v. Britten*, 180 Ohio App.3d 755, 2009-Ohio-663, 907 N.E.2d 360, ¶ 69.

{¶ 10} The board of elections voted to certify the referendum petitions to the November 3, 2009 general election ballot. On August 4, 2009, pursuant to R.C. 3501.39, Miller and McCarthy filed a written protest with the board of elections challenging the referendum petitions. In their protest, Miller and McCarthy claimed that the petitions were invalid because they (1) failed to include the resolutions' express condition that McCarthy file an affidavit releasing the right to annex the property and demonstrating that no agreements exist that confer on any third party the right to compel annexation of the property to any municipality, (2) buried this condition in dense text purporting to be legal descriptions of the property, (3) contained the wrong acreage of each rezoned parcel, and (4) did not include maps.

{¶ 11} On August 26, 2009, the board of elections conducted a hearing at which it considered the protest. At the conclusion of the hearing, the board of elections denied the protest.

### *Prohibition Case*

{¶ 12} On September 1, Miller and McCarthy filed this expedited election action for a writ of prohibition to prevent the board of elections from submitting the resolutions to a vote at the November 3, 2009 general election. The board of elections submitted an answer, and the parties submitted evidence and briefs pursuant to S.Ct.Prac.R. X(9).

{¶ 13} This cause is now before the court for our consideration of the merits.

### **Legal Analysis**

### *Prohibition Claim*

{¶ 14} Miller and McCarthy request a writ of prohibition to prevent the board of elections from placing the resolutions rezoning the Wolf, DeChristopher, and Neiderhouse parcels on the November 3, 2009 general election ballot. To be entitled to the writ, Miller and McCarthy must establish that (1) the board of

elections is about to exercise quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ will result in injury for which no adequate remedy exists in the ordinary course of law. *State ex rel. Finkbeiner v. Lucas Cty. Bd. of Elections*, 122 Ohio St.3d 462, 2009-Ohio-3657, 912 N.E.2d 573, ¶ 14.

{¶ 15} Miller and McCarthy have established the first requirement because "R.C. 3501.39(A)(2) required that the board of elections conduct a quasi-judicial hearing on relators' protest." *State ex rel. Upper Arlington v. Franklin Cty. Bd. of Elections*, 119 Ohio St.3d 478, 2008-Ohio-5093, 895 N.E.2d 177, ¶ 16. "[A] board of elections * * * is a quasi-judicial body when it considers protests." *State ex rel. Cooker Restaurant Corp. v. Montgomery Cty. Bd. of Elections* (1997), 80 Ohio St.3d 302, 306, 686 N.E.2d 238. "[E]ven if the board [has] already exercised its quasi-judicial power by denying [the] protest, relief in prohibition is still available to prevent the placement of names or issues on a ballot, as long as the election has not yet been held." *Tatman v. Fairfield Cty. Bd. of Elections*, 102 Ohio St.3d 425, 2004-Ohio-3701, 811 N.E.2d 1130, ¶ 14.

{¶ 16} For the second requirement of the exercise of unauthorized power, "we must determine whether the board [of elections] acted fraudulently or corruptly, abused its discretion, or clearly disregarded applicable law." *State ex rel. Brown v. Butler Cty. Bd. of Elections*, 109 Ohio St.3d 63, 2006-Ohio-1292, 846 N.E.2d 8, ¶ 23. There is no claim of fraud or corruption here, so Miller and McCarthy must establish that the board of elections abused its discretion or clearly disregarded applicable law by denying their protest and certifying the resolutions rezoning the parcels for a vote on the November 3 election ballot.

{¶ 17} For the third requirement for the writ, Miller and McCarthy must establish the lack of an adequate remedy in the ordinary course of law. *State ex rel. Craig v. Scioto Cty. Bd. of Elections*, 117 Ohio St.3d 158, 2008-Ohio-706, 882 N.E.2d 435, ¶ 25.

*Issues That Were Not Raised in Relators' Protest*

{¶ 18} In this expedited election case, Miller and McCarthy claim that the board of elections clearly disregarded applicable law and abused its discretion by certifying the resolutions rezoning the properties to the election ballot. Among other things, they claim that the Wolf and Neiderhouse referendum petitions are invalid because they do not include the preliminary plans attached to the resolutions rezoning the parcels, that the DeChristopher referendum petition is invalid because it includes inconsistent amounts of acreage, and that all the conditions specified in the resolutions are placed in a manner that camouflages them and makes them confusing.

{¶ 19} Under R.C. 3501.39(A)(2), a board of elections shall accept any petition unless a "written protest against the petition or candidacy, *naming specific objections*, is filed, a hearing is held, and a determination is made by the election officials with whom the protest is filed that the petition violates any requirement established by law." (Emphasis added.) "One of the evident purposes of this requirement [concerning specifying objections to a petition in a written protest] is to give notice to the petitioner and the opportunity to present evidence to rebut the objections specified"; "[t]his purpose is not served if the board permits protestors to introduce evidence on objections not specified in their protest." See *Cooker*, 80 Ohio St.3d at 308, 686 N.E.2d 238, interpreting the analogous provisions in R.C. 3501.39(A)(1).

{¶ 20} Insofar as the issues now raised by Miller and McCarthy were not raised in their written protest, the court need not consider them. *State ex rel. Phillips v. Lorain Cty. Bd. of Elections* (2001), 93 Ohio St.3d 535, 539, 757 N.E.2d 319. Miller and McCarthy cannot establish that the board of elections abused its discretion or clearly disregarded applicable law based on claims they failed to specifically raise in their written protest before the board. Cf. *State ex*

*rel. Stoll v. Logan Cty. Bd. of Elections*, 117 Ohio St.3d 76, 2008-Ohio-333, 881 N.E.2d 1214, ¶ 40.

{¶ 21} Moreover, because Miller and McCarthy could have raised these claims in their statutory protest but failed to do so, the availability of the protest constituted an adequate remedy in the ordinary course of law, which precludes the requested extraordinary writ on these claims. *Cooker*, 80 Ohio St.3d at 308, 686 N.E.2d 238, citing *State ex rel. Shumate v. Portage Cty. Bd. of Elections* (1992), 64 Ohio St.3d 12, 14-15, 591 N.E.2d 1194; R.C. 3501.39(A)(2).

{¶ 22} Therefore, Miller and McCarthy are not entitled to a writ of prohibition on claims that they failed to raise in their written protest filed with the board of elections.

### *Condition on Agreements to Annex Property to Municipality*

{¶ 23} In their protest, Miller and McCarthy *did raise* the argument that the referendum petitions were invalid because the language setting forth one of the conditions for rezoning – that McCarthy had to file an affidavit stating that it had released the right to annex the property and that no agreements existed conferring on any third party the right to compel annexation of the parcels to any municipality – was either imprecise, buried in dense text, or otherwise contained in an inaccurate and misleading summary.

{¶ 24} "Under R.C. 519.12(H), each part of a petition seeking a referendum on a township zoning amendment must also contain a 'brief summary' of the contents of the amendment." *State ex rel. Gemienhardt v. Delaware Cty. Bd. of Elections*, 109 Ohio St.3d 212, 2006-Ohio-1666, 846 N.E.2d 1223, ¶ 37.

{¶ 25} "The phrase 'brief summary of its contents' refers to the zoning resolution passed by the township trustees." *State ex rel. O'Beirne v. Geauga Cty. Bd. of Elections* (1997), 80 Ohio St.3d 176, 179, 685 N.E.2d 502. Under the applicable test, "[t]he summary must be accurate and unambiguous; otherwise, the

petition is invalid and the subject resolution will not be submitted for vote." *S.I. Dev. & Constr., L.L.C. v. Medina Cty. Bd. of Elections*, 100 Ohio St.3d 272, 2003-Ohio-5791, 798 N.E.2d 587, ¶ 17. Therefore, "[i]f the summary is misleading, inaccurate, or contains material omissions which would confuse the average person, the petition is invalid and may not form the basis for submission to a vote." *Shelly & Sands, Inc. v. Franklin Cty. Bd. of Elections* (1984), 12 Ohio St.3d 140, 141, 12 OBR 180, 465 N.E.2d 883.

{¶ 26} The referendum petitions for the Wolf and DeChristopher parcels contain language in the summaries specifying that the rezoning was "further conditioned upon McCarthy Builders, Inc. filing an affidavit pursuant to R.C. 5301.252 releasing the right to annex lots in the Emerald Lakes Subdivision or empowering anyone on its behalf from taking action to annex that property." The referendum petition for the Neiderhouse parcel contains comparable language specifying that the rezoning was "further conditioned upon McCarthy Builders, Inc. filing an affidavit pursuant to R.C. 5301.252 releasing the right to annex lots in the Emerald Lakes Subdivision or empowering any one [sic] on its behalf from taking such action."

{¶ 27} Although it is true that this summary language is not in the precise language of the condition specified in the resolutions and that the language is located at the end of the summary, after legal descriptions of the property that is being rezoned, the language used by the petitioners accurately summarizes the specified condition and would not mislead or confuse the average person. The mere presence of the legal descriptions of the property in the petition summaries is not improper even though the resolutions did not include these descriptions. See *State ex rel. Rife v. Franklin Cty. Bd. of Elections* (1994), 70 Ohio St.3d 632, 635, 640 N.E.2d 522 ("The obligation to briefly summarize the contents of a rezoning resolution * * * implicitly requires a referendum petition to accurately describe property subject to rezoning"); *Gemienhardt*, 109 Ohio St.3d 212, 2006-

8

Ohio-1666, 846 N.E.2d 1223, ¶ 41 ("we have never held that summaries are restricted to the wording of the resolution").

{¶ 28} Therefore, Miller and McCarthy have not established their entitlement to the writ on this claim.

### *Incorrect Acreage in Referendum Petition Summary*

{¶ 29} Relators finally claim that the referendum petitions are invalid because they contain the wrong acreage for the rezoned parcels.

{¶ 30} Referendum petitions that convey a confusing or mistaken impression of a zoning resolution by significantly overestimating the acreage rezoned by the resolution sought to be referred are invalid. *O'Beirne*, 80 Ohio St.3d at 180, 685 N.E.2d 502; *State ex rel. Hamilton v. Clinton Cty. Bd. of Elections* (1993), 67 Ohio St.3d 556, 562, 621 N.E.2d 391. A slight misstatement of the acreage, however, is insufficient to withhold the rezoning from the electorate. See, e.g., *Stutzman v. Madison Cty. Bd. of Elections* (2001), 93 Ohio St.3d 511, 515, 757 N.E.2d 297, holding that a de minimis error in the acreage listed in the title of referendum petition relating to a village ordinance rezoning property did not violate the R.C. 731.31 requirement that referendum petitions contain a "full and correct copy of the title of the ordinance" because there was no evidence or any reasonable argument that the error could have misled electors to sign a petition that they would not have signed had the correct acreage been listed.

{¶ 31} For the Wolf parcel, Miller and McCarthy claim — as they did in their protest — that the referendum petition summary incorrectly specifies that two parcels, a total of approximately 72 acres, are being rezoned when only the 41-acre parcel was rezoned by the township resolution. Relators' claim has merit. The referendum petition concerning the zoning amendment relating to the Wolf parcel applies to one 41-acre parcel and not to two parcels totaling over 71 acres. By significantly overestimating the acreage affected by the rezoning, the referendum petitions conveyed a mistaken and confusing impression of the

resolution so as to mislead or confuse the average person that the rezoning would affect considerably more property than actually impacted.

{¶ 32} This conclusion is not altered by the board's argument that the resolution rezoning the Wolf parcel did not refer to the actual acreage rezoned. "By choosing to summarize the resolution in language other than that employed by the board of township trustees, [the referendum petitioners'] additional language had to satisfy the applicable test in R.C. 519.12(H)." *Gemienhardt*, 109 Ohio St.3d 212, 2006-Ohio-1666, 846 N.E.2d 1223, ¶ 43. The petitioners did not satisfy the applicable test when they significantly overstated the acreage rezoned. Nor did the attachment of a preliminary drawing to the referendum petition sufficiently clarify or remedy the substantial misstatement of the acreage in the summary.

{¶ 33} For the DeChristopher parcel, Miller and McCarthy claim that rather than simply state that 98.81 acres of the parcel were being rezoned, the petition contains a lengthy and confusing legal description with inconsistent amounts of acreage. Relators did not, however, raise this specific claim in their written protest, and we need not address it. Instead, they claimed in their written protest only that the referendum petition incorrectly stated that the portion of the parcel being rezoned was 99.9 acres instead of what they stated was the actual acreage of 98.81 acres. Assuming that the contention raised in the protest is accurate, the slight misstatement in acreage is insufficient to withhold the zoning amendment from the electorate. See *Stutzman*, 93 Ohio St.3d at 515, 757 N.E.2d 297.

{¶ 34} Finally, for the Neiderhouse parcel, Miller and McCarthy claim that based upon auditor records they had submitted as evidence in this case, the parcel is 40.71 acres instead of the 37.126 acres specified in the referendum petition. But relators did not cite the auditor's listing of acreage in their written protest. Rather, in their protest, Miller and McCarthy argued that the actual

10

acreage of the parcel is 37.926 acres, or 0.8 acres more than the 37.126 acres specified as the approximate acreage of the parcel in the referendum petition. This figure comports with the drawing attached to relators' application for a zoning amendment. Again, any minimal misstatement in acreage is insufficient to preclude a referendum on the zoning amendment. *Stutzman*, 93 Ohio St.3d at 515, 757 N.E.2d 297.

{¶ 35} Therefore, relators have established that the board of elections abused its discretion and clearly disregarded R.C. 519.12(H) by denying their protest challenging the referendum petition on the resolution rezoning the Wolf parcel, but they failed to establish any abuse of discretion or clear disregard of R.C. 519.12(H) by the board of elections in denying the protest challenging the referendum petitions on the resolutions rezoning the DeChristopher and Neiderhouse parcels. Relators have also established the lack of an adequate remedy in the ordinary course of law to challenge the validity of the Wolf referendum petition on the acreage issue because of the proximity of the November 3 election. *Upper Arlington*, 119 Ohio St.3d 478, 2008-Ohio-5093, 895 N.E.2d 177, ¶ 17.

**Conclusion**

{¶ 36} Relators have established their entitlement to the requested writ of prohibition regarding the referendum petition on the resolution rezoning the Wolf parcel but not for the referendum petitions on the resolutions rezoning the DeChristopher and Neiderhouse parcels. Therefore, we grant a writ of prohibition to prevent the board of elections from submitting Perrysburg Township Resolution 2007-28, which rezones the Wolf parcel, to the township electorate at the November 3, 2009 election. We deny relators' remaining claims for a writ of prohibition to prevent the submission of the resolutions rezoning the other parcels to the electors at the November 3, 2009 election. This holding is consistent with our duties recognizing that "[t]he constitutional right of citizens to referendum is

of paramount importance," *State ex rel. Ohio Gen. Assembly v. Brunner*, 115 Ohio St.3d 103, 2007-Ohio-4460, 873 N.E.2d 1232, ¶ 8, and that we liberally construe R.C. 519.12(H) in favor of the right of referendum, although referendum petitioners must still strictly comply with that requirement, *Gemienhardt*, 109 Ohio St.3d 212, 2006-Ohio-1666, 846 N.E.2d 1223, ¶ 57.

Writ granted in part
and denied in part.

MOYER, C.J., and PFEIFER, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

LUNDBERG STRATTON, J., dissents and would deny the writ entirely.

_____

Eastman & Smith, Ltd., Jeffrey M. Stopar, and Lane D. Williamson, for relators.

Rayle, Matthews & Coon and Max E. Rayle, for respondent.

_____