O’Connor, C.J.,
dissenting.
{¶ 47} This case involves the interplay between the people’s paramount right of referendum, the limited 30-day period in R.C. 519.12(H) to exercise that preeminent right to challenge a township zoning amendment, and the duty of the board of township trustees to promptly prepare, file, and maintain minutes of its meetings in the seemingly unique circumstance in which the board chooses not to issue written resolutions or ordinances for these zoning amendments. Because the majority misunderstands the interaction between the people’s right and the township’s duty, grants the requested extraordinary relief in prohibition, and thereby unreasonably divests the township citizens of their important right of referendum, I respectfully dissent.
Right of Referendum
{¶ 48} The people’s right of referendum to challenge legislation “is a means for direct political participation, allowing the people the final decision, amounting to a veto power, over enactments of representative bodies.” Eastlake v. Forest City Ents., Inc. (1976), 426 U.S. 668, 673, 96 S.Ct. 2358, 49 L.Ed.2d 132. It is “ ‘one of the most essential safeguards to representative government.’ ” State ex rel. LetOhioVote.org v. Brunner, 123 Ohio St.3d 322, 2009-Ohio-4900, 916 N.E.2d 462, ¶ 20, quoting State ex rel. Nolan v. ClenDening (1915), 93 Ohio St. 264, 277, 112 N.E. 1029. Although Section If, Article II of the Ohio Constitution “does not confer any constitutional right of referendum on township electors challenging township resolutions,” R.C. 519.12(H) provides a statutory right of referendum *590 for township zoning amendments. State ex rel. McCord v. Delaware Cty. Bd. of Elections, 106 Ohio St.3d 346, 2005-Ohio-4758, 835 N.E.2d 336, ¶ 33, 37.
{¶49} We have held that “R.C. 519.12(H) should be liberally construed to permit the exercise of the power of referendum by township electors even without a constitutional provision applicable to townships comparable to that applicable to municipalities in Section If, Article II, Ohio Constitution.” Id. at ¶ 37; see also State ex rel. Miller Diversified Holdings, L.L.C. v. Wood Cty. Bd. of Elections, 123 Ohio St.3d 260, 2009-Ohio-4980, 915 N.E.2d 1187, ¶ 36. Yet with little consideration of the vital right of referendum, the majority readily discounts our duty to liberally construe R.C. 519.12(H).
R.C. 519.12(H)’s 30-Day Filing Requirement
{¶ 50} As the majority acknowledges, R.C. 519.12(H) specifies that to prevent a township zoning amendment from becoming effective 30 days after the date it was adopted, a referendum petition must be filed within that 30 days. I am mindful that the ordinary definition of the word “adoption” does not generally require the further step of recordation of the approval by vote on a motion, as the majority observes. As a general precept, in the vast majority of circumstances, this is appropriate.
{¶ 51} However, R.C. 519.12(H) cannot be construed in a vacuum. And I disagree with the majority’s dismissal of R.C. 121.22(C) as irrelevant. R.C. 121.22(C) provides that “[t]he minutes of a regular or special meeting of any public body shall be promptly prepared, filed, and maintained and shall be open to public inspection.” (Emphasis added.) See State ex rel. Colvin v. Brunner, 120 Ohio St.3d 110, 2008-Ohio-5041, 896 N.E.2d 979, ¶ 46 (“statutes that relate to the same subject matter must be construed in pari materia so as to give full effect to the provisions”). The minutes compelled by R.C. 121.22(C) are a necessary component that facilitates a citizen’s right of referendum, especially when the township does not adopt written resolutions for its zoning amendments. Because of the unquestioned importance of the right of referendum as well as the fact that the Liberty Township Board of Trustees does not adopt written resolutions for its zoning amendments, the majority should have liberally construed R.C. 519.12(H) in pari materia with R.C. 121.22(C).
{¶ 52} Allowing the board of township trustees to adopt a zoning amendment by voice vote and to modify that amendment in the process with detailed oral amendments to the proposal, without requiring the board to incorporate its action contemporaneously in written form to start the critical 30-day period to file a referendum petition, unduly restricts the township electors’ right of referendum under R.C. 519.12(H). “One of the strengths of American government is the right of the public to know and understand the actions of their elected representatives. This includes not merely the right to know a government body’s final *591 decision on a matter, but the ways and means by which those decisions were reached.” White v. Clinton Cty. Bd. of Commrs. (1996), 76 Ohio St.3d 416, 419, 667 N.E.2d 1223.
{¶ 53} The Liberty Township Board of Trustees does not enact written resolutions memorializing their zoning amendments, because they consider zoning-amendment proposals to require only an “administrative review.” But the zoning amendment here is manifestly a legislative act subject to referendum. See State ex rel. Zonders v. Delaware Cty. Bd. of Elections (1994), 69 Ohio St.3d 5, 11, 630 N.E.2d 313 (“Generally, the adoption of a zoning amendment, like the enactment of the original zoning ordinance, is a legislative act which is subject to referendum”); Tuber v. Perkins (1966), 6 Ohio St.2d 155, 157, 35 O.O.2d 255, 216 N.E.2d 877 (“the action of a Board of Township Trustees in adopting or amending a zoning regulation is a legislative action”).
{¶ 54} Without a written record of the zoning amendment’s approval by the board of township trustees, citizens are hampered in exercising their time-sensitive right to referendum. See Bd. of Twp. Trustees v. Spring Creek Gravel Co., Inc. (1975), 45 Ohio App.2d 288, 289-290, 74 O.O.2d 409, 344 N.E.2d 156 (“The failure to record the adoption of [a township zoning] amendment substantially affects the right to request a referendum”); see also Crates v. Garlock Bros. Constr., Hancock App. No. 5-91-8, 1991 WL 229216, *3 (rezoning by township trustees is legislative in nature, and in the absence of a record, a rezoning cannot be presumed).
{¶ 55} By way of example, citizens challenging a zoning amendment need a written record of the amendment to accurately summarize it for purposes of properly invoking their statutory right of referendum. See R.C. 519.12(H); State ex rel. Gemienhardt v. Delaware Cty. Bd. of Elections, 109 Ohio St.3d 212, 2006-Ohio-1666, 846 N.E.2d 1223, ¶ 57 (referendum petitioners must strictly comply with R.C. 519.12(H)’s brief-summary requirement). As noted by the board of elections, “[w]here strict compliance is required, it is unreasonable to require a referendum petition to be prepared from memory or mere notes.”
{¶ 56} Without any evidentiary support, the majority admonishes that “interested citizens” could have requested to listen to audio recordings of the meeting. Majority opinion at ¶ 37. However, the majority overlooks the lack of any sworn testimony concerning whether the recordings or the meeting minutes were actually available to citizens before the board’s approval of the minutes. Relators, as the protestors against the referendum petition, manifestly had the burden of establishing that the referendum petition violated the R.C. 519.12(H) 30-day requirement, but much of the so-called evidence they — and the majority — rely on here was not properly submitted as sworn evidence at the board’s protest hearing. Instead, it is little more than mere supposition and baseless speculation. *592 “[A] claim that the board of elections abused its discretion * * * [can]not be based on evidence that was never presented to it.” State ex rel. Stoll v. Logan Cty. Bd. of Elections, 117 Ohio St.3d 76, 2008-Ohio-333, 881 N.E.2d 1214, ¶ 40.
{¶ 57} Therefore, after construing R.C. 519.12(H) in pari materia with R.C. 121.22(C) and abiding by the court’s duty to liberally construe the statutory right of referendum in favor of its exercise, I would hold that the word “adoption” for purposes of the critical 30-day deadline to submit a referendum petition refers to the written recordation of the zoning amendment, either by resolution or by detailed minutes. This result is particularly justified under the circumstances present in this case, which include the absence of a written resolution and the 30-day delay in recording the verbal approval of the board, including its verbal amendments to relators’ zoning proposal.
{¶ 58} The majority’s narrow construction of the pertinent provisions -will harshly and unduly restrict — and in some cases, unfairly eliminate — citizens’ paramount right of referendum, particularly the rights of those citizens who may not have the ability to attend the board of township trustees’ meetings. See White, 76 Ohio St.3d at 420, 667 N.E.2d 1223 (“keeping full minutes [of board of county commissioners’ meetings] allows members of the public who are unable to attend the meetings in person to obtain complete and accurate information about the decision-making process of their government. * * * Most people’s day-today schedule leaves them with far too little time to attend government meetings”).
{¶ 59} Moreover, the majority’s decision will allow a board of township trustees to thwart the township citizens’ right of referendum by intentionally delaying the preparation of a written record of the approval of a zoning amendment. By narrowly construing R.C. 519.12(H) without deference to the right of referendum, the majority has engendered this unreasonable result. Colvin, 120 Ohio St.3d 110, 2008-Ohio-5041, 896 N.E.2d 979, ¶ 58 (courts have duty to construe constitutional and legislative provisions to avoid unreasonable or absurd results).
{¶ 60} Insofar as the majority opinion cites a veritable parade of horribles to suggest that its holding, which usurps the township electors’ critical right to approve or reject a zoning amendment that directly affects them, is somehow warranted, suffice it to say that none of those particular circumstances are before the court in this case. That is, the court could deny relators’ request for extraordinary relief in prohibition without “suggesting to Ohioans that no governing body — county commissioners, city council, or school board — or any other public board, local or state, performs any official act until a written record of the act is prepared and approved” or holding that “[e]very legislative act at every level of government would be held in abeyance until the preparation and approval of minutes.” Majority opinion at ¶ 39. Not every legislative act involves the *593 unique circumstances of this case, i.e., the important right of referendum, an abbreviated statutory time period in which citizens can assert that right, and the practice of a board of township trustees not to adopt zoning amendments by a contemporaneous written resolution. Therefore, upholding the board of elections’ denial of relators’ protest and recognizing the township citizens’ right to referendum here would not have drastic consequences in other unrelated contexts as the majority portends.
{¶ 61} I would therefore hold that the board of elections did not act in an arbitrary, unconscionable, or unreasonable manner in determining that the referendum petition was timely filed. In my view, the board of elections properly rejected relators’ protest on this ground.
R.C. 519.12(H)’s Appropriate-Map Requirement
{¶ 62} I would further hold that the board of elections did not abuse its discretion or clearly disregard R.C. 519.12(H) by determining that the map submitted by the referendum petitioners was appropriate.[1]
{¶ 63} R.C. 519.12(H) requires that the referendum petition “be accompanied by an appropriate map of the area affected by the zoning proposal.” A “map accompanying a referendum petition [is] appropriate * * * for purposes of R.C. 519.12(H) if it does not mislead the average person about the area affected by the zoning resolution.” McCord, 106 Ohio St.3d 346, 2005-Ohio-4758, 835 N.E.2d 336, ¶ 63. An objective rather than a subjective test is used to determine whether a referendum-petition map is appropriate. State ex rel. Columbia Reserve Ltd. v. Lorain Cty. Bd. of Elections, 111 Ohio St.3d 167, 2006-Ohio-5019, 855 N.E.2d 815, ¶ 34.
{¶ 64} The board of elections determined that “[t]he map is appropriate under the facts and circumstances of this case.”
{¶ 65} Relators assert that the board abused its discretion and clearly disregarded applicable law in so holding based on our decision in Columbia Reserve, 111 Ohio St.3d 167, 2006-Ohio-5019, 855 N.E.2d 815. In that case, this court held that the map filed by the referendum petitioners was not appropriate, because it was a drawing that had been previously submitted with a different township zoning resolution than the one that was the subject of the referendum, it did not include all the area affected by the resolution and did not highlight the area, and the referendum petitioners could have easily avoided any defect by filing the map that had been previously approved by the board of township trustees and that *594 was attached to the resolution that was the subject of the referendum. Id. at ¶ 35, 37.
{¶ 66} Columbia Reserve, however, is distinguishable in significant particulars from this case. First, the referendum petitioners here did not submit a map relating to a different zoning resolution. Second, the Liberty Township Board of Trustees did not approve a map that it determined accurately reflected the rezoning. Third, the referendum petitioners submitted a map that included all of the area affected by the zoning amendment. Although it is true that the map included the entire township and the petitioners did not highlight the smaller area subject to the rezoning, the text of the petition together with the map would not have misled the average person about the area affected by the amendment. The text of the petition specified the area and location of the property — “216 + acres at the intersection of Home Road and Olentangy River Road” — as well as the specific parcels involved. Fourth, the referendum petitioners here could not have easily avoided any perceived defect by filing one of the alternate maps submitted by relators in the zoning process. None of the maps submitted by relators in the zoning process included the board of township trustees’ amendments regarding road restrictions, and the maps appear to either contain property outside the affected area or depict less than the entire affected area. That is, if the referendum petitioners had done as relators now claim they should have — submitted one of relators’ zoning maps with the referendum petition — it is likely that relators would claim that that map was likewise defective.
{¶ 67} Consequently, Columbia Reserve does not require a finding that the referendum petitioners violated the appropriate-map requirement of R.C. 519.12(H). The board of elections did not abuse its discretion or clearly disregard R.C. 519.12(H) by determining that the map submitted by the referendum petitioners was appropriate.
{¶ 68} Therefore, I would hold that the board of elections properly rejected relators’ protest on this ground as well.
Conclusion
{¶ 69} The board of elections neither abused its discretion nor clearly disregarded R.C. 519.12(H) by denying relators’ protest, certifying the referendum petition, and submitting the zoning amendment to the Liberty Township electorate on the November 8, 2011 election ballot. The referendum petitioners complied with the requirements of R.C. 519.12(H). Therefore, relators have not established their entitlement to the requested extraordinary relief, and this court should deny the writ of prohibition. Because the majority fails to correctly apply *595 the applicable law and thereby cripples the township electors’ critical right of referendum, I respectfully, but vigorously, dissent.
McTigue & McGinnis, L.L.C., Donald J. McTigue, Mark A. McGinnis, and J. Corey Colombo; and Crabbe, Brown & James, L.L.P., Larry H. James, Andy Douglas, and Laura M. Comek, for relators.
Carol Hamilton O’Brien, Delaware County Prosecuting Attorney, and Christopher D. Betts, Assistant Prosecuting Attorney, for respondent.
Robert G. Cohen, pro se, urging denial of the writ as amicus curiae.
Lanzinger and McGee Brown, JJ., concur in the foregoing opinion.

. Because the majority found relators’ first argument persuasive, it did not address this remaining claim.