THE STATE, EX REL. WOLSON, *v.* KELLY ET AL., BOARD OF ELECTIONS OF LUCAS COUNTY ET AL.

(No. 40097—Decided April 8, 1966.)

*Mr. Harland M. Britz,* for relator.
*Mr. Harry Friberg,* prosecuting attorney, *Mr. William B. Saxbe,* attorney general and *Mr. Charles S. Lopeman,* for respondents.

*Per Curiam.* This is an action in mandamus originating in this court. Relator seeks to compel respondents, Board of Elections of Lucas County and the Secretary of State, to determine that his nominating petitions as a Democrat candidate for judge of the Court of Appeals of the Sixth Appellate District are valid and to place his name on the ballot at the May primary.

The cause is now before the court on the demurrer to the answers which admit that relator filed nominating petitions containing the necessary number of valid signatures with the board of elections; that a protest was filed to such petitions on the ground that relator had failed to state the precinct in which he resides in his declaration of candidacy; that a hearing was had by the board of elections on the protest; that a tie vote resulted; and that the matter was submitted to the Secretary of State who upheld the protest.

Section 3513.07, Revised Code, provides in part as follows:

"The form of declaration of candidacy and petition of a person desiring to be a candidate for a party nomination or a candidate for election to an office or position to be voted at a primary election shall be substantially as follows:

"DECLARATION OF CANDIDACY PARTY PRIMARY ELECTION.

"I ............ (name of candidate), the undersigned, hereby declare that my voting residence is in ............ precinct of the ............ (township) or (ward and city or village) in the county of ............, Ohio; that my postoffice address is ............ (street and number, if any, or rural route and number) of the ............ (city or village, or postoffice) of ............ Ohio; that I am a qualified elector in the precinct in which my voting residence is located. * * *"

Admittedly relator set forth his correct voting residence in the declaration of candidacy and he was a registered voter at that address. Thus, this case differs from *State, ex rel. Higgins,* v. *Brown, Secy. of State* (1960), 170 Ohio St. 511, 166 N. E. 2d 759, where the candidate had inserted an improper voting residence and precinct in the declaration of candidacy.

"Voting residence" is defined by Section 3501.01 (J), Revised Code, as follows:

" 'Voting residence' means that place of residence of an elector which shall determine the precinct in which he may vote."

Here the relator set forth his residence address. That residence address determines the precinct in which he can vote.

Unlike in *State, ex rel. Lemert,* v. *Board of Elections* (1948), 149 Ohio St. 211, 78 N. E. 2d 368, the designation of the precinct

in the instant case was not a necessary element of the qualifications for the office.

The demurrer to the answers is sustained and the writ allowed.

*Writ allowed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and BROWN, JJ., concur.

SCHNEIDER, J., dissenting. The statute prescribes a form on which a blank for the precinct of residence is provided. It is neither for the Secretary of State nor for this court to question the reasonableness of the statutory requirement or to pick and choose whether this or that blank should be filled, in order to validate the petition. See *State, ex rel. Reese,* v. *Bd. of Elections,* 6 Ohio St. 2d 66.