The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Alexander L. STANLEY, a/k/a Alexander Stanley, Defendant–Appellant.

No. 05CA1185.

Colorado Court of Appeals, Div. I.

July 26, 2007.

As Modified on Denial of Rehearing Sept. 6, 2007.

John W. Suthers, Attorney General, Majid Yazdi, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Alexander L. Stanley, Pro Se.

Opinion by Judge TAUBMAN.

Defendant, Alexander L. Stanley, appeals the order denying his motion for postconviction relief. He asserts the trial court erred in concluding it lacked jurisdiction to consider his motion because it was time barred and was not submitted on Form 4. We reverse and remand.

On December 16, 1997, after a jury trial, Stanley was found guilty of multiple counts of sexual assault on a child and was sentenced to fifty years in the Department of Corrections (DOC). On direct appeal, a division of this court affirmed the convictions but reversed his sentence in part. *People v. Stanley,* (Colo.App. No. 98CA2326, July 13, 2000)(not published pursuant to C.A.R. 35(f) ). Stanley filed a petition for a writ of certiorari, which was denied on August 6, 2001. The mandate issued on August 13, 2001. On remand, the trial court resentenced Stanley in April 2002 to an aggregate thirty years in the DOC.

On August 12, 2004, Stanley filed a detailed Crim. P. 35(c) motion by placing it in the Sterling Correctional Facility's mail system. It was received by the trial court on August 16, 2004.

The trial court held (1) the motion was time barred because it was filed three years and three days after the mandate issued and (2) the court did not have jurisdiction to hear Stanley's postconviction motion because it was not filed on Form 4, a standardized form for filing postconviction motions described in Crim. P. 35.

### I. Statute of Limitations

■ Stanley contends, the People concede, and we agree that the trial court erred in concluding Stanley's Crim. P. 35(c) motion was time barred.

As relevant here, a Crim. P. 35(c) motion must be filed within three years after the date of the conviction. Section 16–5–402(1), C.R.S.2006.

■ A defendant's conviction is final when his or her appeal "has been exhausted." *People v. Hampton,* 876 P.2d 1236, 1238 (Colo.1994). More specifically, a division of this court has held that a conviction is final when the supreme court denies the defendant's petition for a writ of certiorari and the mandate issues. *People v. Alexander,* 129 P.3d 1051, 1056 (Colo.App.2005).

Here, the supreme court denied Stanley's petition for a writ of certiorari on August 6, 2001, and this court issued the mandate on August 13, 2001. Therefore, Stanley's postconviction motion was timely if filed on or before August 13, 2004, three years after the date his conviction was final.

Stanley filed his motion for postconviction relief by placing it in the DOC's mailing system on August 12, 2004. "A document filed by an inmate confined in an institution is timely filed with the court if deposited in the institution's internal mailing system on or before the last day for filing." Crim. P. 45(f). Therefore, we conclude Stanley's Crim. P. 35 motion was timely.

Because the motion was timely from the August 13, 2001 mandate, we need not determine whether the April 2002 resentencing after the direct appeal should be the date of finality for measuring the limitations period.

## II. Form 4

Stanley next argues the trial court erred in finding it did not have jurisdiction to consider his motion for postconviction relief because it was not filed on Form 4. We agree.

In 2004, Crim. P. 35(c) was amended in part by the addition of subsection 3, which requires that all postconviction motions either be filed on Form 4 or substantially comply with Form 4. *See* Crim. P. 35(c)(3)(II)-(IV). Form 4 is a standardized document that appears in the appendix to the Colorado Rules of Criminal Procedure. It requires certain minimum information about the conviction appealed and the claims asserted to be contained in a Crim. P. 35(c) motion.

### A. Jurisdiction to Consider Pro Se Motions Not on Form 4

■ As an initial matter, we consider the effect of a pro se defendant's failure to use Form 4 on the trial court's subject matter jurisdiction.

Here, the trial court held that because Stanley did not complete a Form 4, "the Court does not have any jurisdiction to consider the motion." We construe this ruling to mean that the trial court determined it did not have subject matter jurisdiction because Stanley did not file his postconviction motion on Form 4. We disagree with the trial court.

■ Subject matter jurisdiction concerns the court's authority to deal with a class of cases, not its authority to enter a particular judgment within that class. *People v. Owen,* 122 P.3d 1006, 1008 (Colo.App.2005). Here, there is no question that a trial court is authorized to hear postconviction motions pursuant to Crim. P. 35(c). Additionally, Crim. P. 35(c)(3)(III) provides that even if a Crim. P. 35(c) motion does not substantially comply with Form 4, the remedy is not dismissal for lack of jurisdiction, but returning the defendant's motion with a blank copy of Form 4 to be resubmitted in substantial compliance with the form.

Furthermore, in resolving an analogous jurisdictional issue, a division of this court has held that a court's failure to consider a postconviction motion within sixty days as required by Crim. P. 35(c)(3)(IV) does not deprive the court of subject matter jurisdiction to consider the motion. *People v. Osorio,* 170 P.3d 796, 2007 WL 1288475 (Colo.App. No. 05CA1765, May 3, 2007)(listing cases holding that failure to comply with a "shall" time provision does not deprive court of subject matter jurisdiction); *cf. Turkey Creek, LLC v. Rosania,* 953 P.2d 1306, 1310 (Colo.App.1998)(defects in form of notice of appeal do not require dismissal of appeal).

We conclude, therefore, a pro se defendant's failure to file a Crim. P. 35(c) motion on Form 4 does not deprive the trial court of subject matter jurisdiction. *See* Crim. P. 35(c)(3)(II)-(IV).

### B. Form 4 Requirement

■ Although the trial court had jurisdiction to consider Stanley's motion, we nonetheless must determine whether the trial court correctly declined to address the merits of Stanley's motion because it was not filed on Form 4. This question requires us to interpret the language of Crim. P. 35(c). We conclude the court should have addressed the motion.

■ We interpret rules of procedure consistently with principles of statutory construction. *People v. Shell,* 148 P.3d 162, 178 (Colo.2006). We construe the various provisions as a whole, giving "consistent, harmonious, and sensible effect" to each part whenever possible. *See People v. Banks,* 9 P.3d 1125, 1127 (Colo.2000) (quoting *Cooper v. People,* 973 P.2d 1234, 1239 (Colo.1999)). Before invoking alternative canons of statutory construction, we look first to the plain and ordinary meaning of the words used. *People v. Banks, supra,* 9 P.3d at 1127. However, we will not follow a literal interpretation leading to an illogical or absurd result. *Frazier v. People,* 90 P.3d 807, 811 (Colo.2004).

Crim. P. 35(c)(3) provides that all pro se Crim. P. 35(c) motions "*shall* be filed on Form 4, and any motion filed by an attorney shall substantially comply with and contain the information detailed in Form 4." Crim. P. 35(c)(3)(II) (emphasis added). Therefore, Crim. P. 35(c)(3)(II) appears to create a dual standard whereby pro se defendants must

file postconviction motions on Form 4, but attorneys need only substantially comply with Form 4. Two other subsections, however, belie such a literal reading of subsection II.

Subsection III provides:

If a pro se motion *substantially fails to comply* with Form 4, Petition for Postconviction Relief Pursuant to Crim. P. 35(c), the court shall return to the defendant a copy of the document filed along with a blank copy of Form 4 and direct that *a motion in substantial compliance with the form* be filed within forty-five days.

Crim. P. 35(c)(3)(III) (emphasis added).

Subsection IV makes no distinction between pro se and attorney-filed motions in providing that "[t]he court *shall* promptly review *all motions* that substantially comply with Form 4." Crim. P. 35(c)(3)(IV) (emphasis added).

We conclude that requiring a pro se defendant to file a new motion written on Form 4, when the current motion substantially complies with Form 4, would create an absurd result. Indeed, if a defendant's pro se postconviction motion were not filed on Form 4 but substantially complied with the form, subsection III by its own terms would not apply, and it would be nonsensical for the court to return the motion and instruct the defendant to file "a motion in substantial compliance with [Form 4]."

To the contrary, we conclude these subsections should be interpreted as a whole, and we interpret subsection II to require only that pro se motions substantially comply with Form 4. Under this interpretation, if a motion is not filed on Form 4 *and* does not substantially comply with Form 4, a court would be required under subsection III to return the motion to the defendant and request modifications so that the motion will substantially comply with Form 4. This interpretation harmonizes subsections II and IV, because the latter does not distinguish between pro se and attorney-filed motions and requires a court promptly to consider *all* motions that substantially comply with Form 4. *See* Crim. P. 35(c)(3)(IV).

We recognize that when Crim. P. 35(c)(3)(II) was originally promulgated in 2004, it provided that all Crim. P. 35(c) motions had to substantially comply with Form 4, and that an amendment to that subsection required that only pro se motions be filed on Form 4, while motions filed by attorneys could substantially comply with Form 4. *See* Second Corrective Order to Rule Change 2004(2) (adopted June 25, 2004). Nevertheless, if interpreted literally, subsection II as amended and applicable here would conflict with Crim. P. 35(c)(3)(III) and (IV), as discussed above.

Therefore, we interpret Crim. P. 35(c)(3)(II) to require that pro se motions substantially comply with Form 4.

**C. Substantial Compliance with Form 4**

█ Stanley next argues his Crim. P. 35 motion substantially complied with Form 4. We agree.

Form 4 requires information as to the conviction under attack, the history of the defendant's direct appeal and prior postconviction proceedings, any request for counsel, the basis of the defendant's postconviction claims, and the timeliness of the motion.

As opposed to strict compliance, "substantial compliance" has been interpreted by a division of this court to mean that a claimant must "make a good faith effort to include within the written notice, to the extent reasonably possible, each item of information listed [by the statute]." *Crandall v. City & County of Denver*, 143 P.3d 1105, 1108 (Colo. App.2006) (defining substantial compliance in the context of a written notice of claim required under the Governmental Immunity Act); *see Isbill Associates, Inc. v. City & County of Denver*, 666 P.2d 1117, 1119 (Colo. App.1983) (agreeing with trial court that it should not elevate the statute's form over its substance by strictly requiring an individual, as opposed to his or her insurer, to notify the governmental entity of a claim); *see also People v. Jacobs*, 43 Cal.3d 472, 233 Cal.Rptr. 323, 729 P.2d 757, 763–64 (1987) (defining substantial compliance to mean "actual compliance in respect to the substance essential to every reasonable objective of the statute, as distinguished from mere technical imperfections of form" (internal quotations omitted); *State v. Kelly*, 6 Ohio St.2d 67, 215 N.E.2d 719, 720 (1966) (concluding a candi-

date for office substantially complied with the form required for declaration of candidacy because the document filed included all necessary elements, although it omitted the required precinct number).

Therefore, if it is readily apparent that a defendant has made a good faith effort to include in a Crim. P. 35(c) motion, to the extent reasonably possible, each item of information required by Form 4, the motion substantially complies with Form 4 and, pursuant to Crim. P. 35(c)(3)(IV), the court should promptly consider the motion on its merits. If the Form 4 information is not readily apparent, the motion may be rejected for lack of substantial compliance, and the court shall afford the defendant an opportunity to resubmit it on Form 4, as specified in Crim. P. 35(c)(3)(III).

Here, Stanley's motion included headings that made it readily apparent that it contained the information required by Form 4 including Jurisdiction, Nature of Offenses, Relevant Case History, Facts of the Case, Counsels of Record, Grounds for Petition, Claims, Facts and Argument in Support of Claims, and the relief sought. In addition, a brief review of the motion's text shows that it included all of the information required by Form 4, except whether he had filed a prior postconviction motion and whether the present motion was timely. The former omission was insignificant, because Stanley had not previously filed any postconviction motions. Furthermore, even if Stanley had alerted the court to the timeliness of his motion, that issue is now moot because we have determined Stanley's motion was timely. We conclude, therefore, that it was readily apparent that Stanley's motion substantially complied with Form 4.

Because Stanley's motion substantially complied with Form 4, the order is reversed, and the case is remanded to the trial court for consideration of the merits of Stanley's Crim. P. 35(c) motion.

Judge MÁRQUEZ and Judge J. JONES concur.