[Cite as *State ex rel. Stewart v. Clinton Cty. Bd. of Elections*, 124 Ohio St.3d 584, 2010-Ohio-1176.]

THE STATE EX REL. STEWART *v.* CLINTON COUNTY BOARD

OF ELECTIONS ET AL.

[Cite as *State ex rel. Stewart v. Clinton Cty. Bd. of Elections*,

**124 Ohio St.3d 584, 2010-Ohio-1176.]**

*Expedited election cases — Mandamus and prohibition — Completion of declaration of candidacy — Substantial compliance with R.C. 3513.07 found — Writs denied.*

(No. 2010-0434 — Submitted March 22, 2010 — Decided March 24, 2010.)

IN MANDAMUS AND PROHIBITION.

_____

**Per Curiam.**

{¶ 1} This is an expedited election action for writs of mandamus and prohibition to prevent respondents, the Clinton County Board of Elections and its members, from placing Patrick Haley's name on the ballot as a candidate for the office of Clinton County commissioner at the May 4, 2010 Republican Party primary election. We dismiss the mandamus claim for lack of jurisdiction. In addition, we deny the writ of prohibition because the board of elections and its members neither abused their discretion nor clearly disregarded R.C. 3513.07 by placing Haley's name on the ballot.

### Facts

{¶ 2} On February 5, 2010, Patrick Haley filed his declaration of candidacy and petition for the Republican Party nomination at the May 4, 2010 primary election for the office of Clinton County commissioner. Haley's petition consisted of six part-petitions on forms prescribed by the secretary of state of Ohio, with blanks to be completed by the candidate. See R.C. 3513.07. Haley completed the declaration of candidacy on the part-petitions, which was entitled

in bold capital letters as "**Declaration of Candidacy Party Primary Election,**" as follows:

{¶ 3}  "I, Patrick Haley, the undersigned, hereby declare under penalty of election falsification that my voting residence is 185 Woods Edge Court, Wilmington, Ohio 45177, and I am a qualified elector.

{¶ 4}  "I hereby declare that I desire to be a candidate for nomination to the office of County Commissioner as a member of the Republican Party for the: (check one box and fill in the appropriate date) ☑ full term commencing 1-1-11, or □ unexpired term ending __—__ at the primary election to be held on the ___ __—__ day of ___—___, ___—___.

{¶ 5}  "I further declare that, if elected to this office or position, I will qualify therefor, and I will support and abide by the principles enunciated by the Republican Party.

{¶ 6}  "Dated this 25th day of January, 2010."

{¶ 7}  Relator, Dave Stewart, is a Clinton County resident and a registered Republican.  On February 22, Stewart filed a protest pursuant to R.C. 3513.05 challenging Haley's petition.  Stewart claimed that the petition had left blank the May 4, 2010 primary election date that the form requested.  Haley had instead placed dashes in the blanks for the primary election date.

{¶ 8}  On March 5, respondent Clinton County Board of Elections held a hearing on Stewart's protest.  Haley testified that he had left the primary election date blank on the declaration of candidacy part of the petition based on the advice of the deputy director of the board of elections.  Haley further testified that for the five part-petitions he circulated, he told everyone who signed the petition the date of the primary election.  At the conclusion of the hearing, the board unanimously found that Haley had substantially complied with the applicable law and denied the protest.

**{¶ 9}** Three days later, Stewart filed this expedited action for writs of mandamus and/or prohibition to prevent the respondents from placing Haley's name on the May 4, 2010 primary ballot. Respondents filed an answer, and we granted Haley's motion to intervene as an additional respondent. The parties submitted evidence and briefs pursuant to the expedited schedule for election cases in S.Ct.Prac.R. 10.9.

**{¶ 10}** This cause is now before the court for its consideration of the merits.

### Legal Analysis

*Mandamus*

**{¶ 11}** Stewart initially requests a writ of mandamus to compel respondents to sustain his protest and to prevent them from submitting Haley's candidacy to the electorate at the May 4, 2010 primary election.

**{¶ 12}** "It is axiomatic that 'if the allegations of a complaint for a writ of mandamus indicate that the real objects sought are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action in mandamus and must be dismissed for want of jurisdiction.' " *State ex rel. Obojski v. Perciak*, 113 Ohio St.3d 486, 2007-Ohio-2453, 866 N.E.2d 1070, ¶ 13, quoting *State ex rel. Grendell v. Davidson* (1999), 86 Ohio St.3d 629, 634, 716 N.E.2d 704. "We have applied this jurisdictional rule to expedited election cases by examining the complaint to determine whether it actually seeks to prevent, rather than compel, official action." *State ex rel. Evans v. Blackwell*, 111 Ohio St.3d 437, 2006-Ohio-5439, 857 N.E.2d 88, ¶ 20.

**{¶ 13}** Although some of the allegations or requests contained in Stewart's complaint are couched in terms of compelling affirmative duties, he actually seeks (1) a declaratory judgment that the board's denial of his protest was erroneous and (2) a prohibitory injunction preventing Haley from appearing on the primary election ballot. The relief sought by Stewart is comparable to the

relief sought by relators in other election cases in which we held that we lacked jurisdiction over mandamus claims to remove candidates' names from the ballot. See generally *State ex rel. Reese v. Cuyahoga Cty. Bd. of Elections*, 115 Ohio St.3d 126, 2007-Ohio-4588, 873 N.E.2d 1251, ¶ 14, and cases cited therein.

{¶ 14} Therefore, because Stewart actually requests relief in the nature of a declaratory judgment and prohibitory injunction, we lack jurisdiction to consider the merits of his mandamus claim, and we dismiss it. Id. at ¶ 15.

*Prohibition*

{¶ 15} Stewart also requests a writ of prohibition to prevent the board of elections and its members from placing Haley's name on the May 4, 2010 primary election ballot. To be entitled to the writ, Stewart must establish that (1) respondents are about to exercise quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ will result in injury for which no adequate remedy exists in the ordinary course of law. *State ex rel. Miller Diversified Holdings, L.L.C. v. Wood Cty. Bd. of Elections*, 123 Ohio St.3d 260, 2009-Ohio-4980, 915 N.E.2d 1187, ¶ 14.

{¶ 16} Stewart has met the first criterion because R.C. 3501.39(A)(1) and 3513.05 require that the board of elections conduct a quasi-judicial hearing on his protest. "[A] board of elections * * * is a quasi-judicial body when it considers protests." *State ex rel. Cooker Restaurant Corp. v. Montgomery Cty. Bd. of Elections* (1997), 80 Ohio St.3d 302, 306, 686 N.E.2d 238. "[E]ven if the board [has] already exercised its quasi-judicial power by denying [the] protest, relief in prohibition is still available to prevent the placement of names or issues on a ballot, as long as the election has not yet been held." *Tatman v. Fairfield Cty. Bd. of Elections*, 102 Ohio St.3d 425, 2004-Ohio-3701, 811 N.E.2d 1130, ¶ 14.

{¶ 17} Stewart also established the third requirement for the writ – the lack of an adequate remedy in the ordinary course of law – because the election was imminent at the time the board denied his protest and when he filed this writ

4

action. See *State ex rel. Finkbeiner v. Lucas Cty. Bd. of Elections*, 122 Ohio St.3d 462, 2009-Ohio-3657, 912 N.E.2d 573, ¶ 18.

{¶ 18} For the remaining prohibition requirement that the board's exercise of its quasi-judicial power is unauthorized by law, "we must determine whether the board [of elections] acted fraudulently or corruptly, abused its discretion, or clearly disregarded applicable law." *State ex rel. Brown v. Butler Cty. Bd. of Elections*, 109 Ohio St.3d 63, 2006-Ohio-1292, 846 N.E.2d 8, ¶ 23. "An abuse of discretion implies an unreasonable, arbitrary, or unconscionable attitude." *Cooker Restaurant*, 80 Ohio St.3d at 305, 686 N.E.2d 238.

{¶ 19} Stewart claims that the board and its members abused their discretion and clearly disregarded R.C. 3513.07 by denying his protest and certifying Haley's candidacy for the May 4, 2010 primary election. R.C. 3513.07 provides:

{¶ 20} "*The form of declaration of candidacy and petition of a person desiring to be a candidate for a party nomination or a candidate for election to an office or position to be voted for at a primary election shall be substantially as follows*:

{¶ 21} "DECLARATION OF CANDIDACY PARTY PRIMARY ELECTION

{¶ 22} "I, _____. (Name of Candidate), the undersigned, hereby declare under penalty of election falsification that my voting residence is in _____ precinct of the _____ (Township) or (Ward and City or Village) in the county of _____, Ohio; that my voting residence is _____ (Street and Number, if any, or Rural Route and Number) of the _____ (City or Village) of _____, Ohio; and that I am a qualified elector in the precinct in which my voting residence is located. I am a member of the _____ Party. I hereby declare that I desire to be _____ (a candidate for nomination as a candidate of the Party for election to the office of

_____) (a candidate for election to the office or position of _____) for the _____ in the state, district, (Full term or unexpired term ending _____) county, city, or village of _____, at the primary election to be held on the _____ day of _____, ____, and I hereby request that my name be printed upon the official primary election ballot of the said _____ Party as a candidate for _____ (such nomination) or (such election) as provided by law.

**{¶ 23}** "I further declare that, if elected to said office or position, I will qualify therefor, and that I will support and abide by the principles enunciated by the _____ Party.

**{¶ 24}** "Dated this _____ day of _____, ____

**{¶ 25}** ". . . . . . . . . . . . . .

**{¶ 26}** "(Signature of candidate)" (Emphasis added.)

**{¶ 27}** "[T]he general rule is that unless there is language allowing substantial compliance, election statutes are mandatory and must be strictly complied with." *State ex rel. Husted v. Brunner*, 123 Ohio St.3d 288, 2009-Ohio-5327, 915 N.E.2d 1215, ¶ 15. R.C. 3513.07, however, expressly permits *substantial compliance* with the form of the declaration of candidacy and petition. *State ex rel. Wilson v. Hisrich* (1994), 69 Ohio St.3d 13, 16, 630 N.E.2d 319 ("R.C. 3513.07 may be satisfied by substantial compliance with the form of a declaration of candidacy and petition"); see also *State ex rel. Wolson v. Kelly* (1966), 6 Ohio St.2d 67, 69, 35 O.O.2d 85, 215 N.E.2d 719. Therefore, Haley needed only to substantially comply with the form of the declaration of candidacy and petition set forth in R.C. 3513.07.

**{¶ 28}** As we have previously held in an election case in which compliance with the form requirements of R.C. 3513.07 was at issue, "[a]bsolute compliance with every technicality should not be required in order to constitute substantial compliance, unless such complete and absolute conformance to each

technical requirement of the printed form serves a public interest and a public purpose." *Stern v. Cuyahoga Cty. Bd. of Elections* (1968), 14 Ohio St.2d 175, 180, 43 O.O.2d 286, 237 N.E.2d 313. "The public policy which favors free competitive elections, in which the electorate has the opportunity to make a choice between candidates, outweighs the arguments for absolute compliance with each technical requirement in the petition form, where the statute requires only substantial compliance, where, in fact, the only omission cannot possibly mislead any petition signer or elector, where there is no claim of fraud or deception, and where there is sufficient substantial compliance to permit the board of elections, based upon prima facie evidence appearing on the face of the jurat which is part of the petition paper, to determine the petition to be valid." Id. at 184; *State ex rel. Osborn v. Fairfield Cty. Bd. of Elections* (1992), 65 Ohio St.3d 194, 196, 602 N.E.2d 636.

{¶ 29} Stewart primarily relies on *Hill v. Cuyahoga Cty. Bd. of Elections* (1981), 68 Ohio St.2d 39, 22 O.O.3d 179, 428 N.E.2d 402, in support of his claim that Haley's incomplete declaration of candidacy and petition did not substantially comply with R.C. 3513.07. In *Hill*, we reversed a court of appeals' judgment and granted a writ of mandamus to compel a board of elections and its members to place a person's name on a general election ballot for city council. Id. at 42. The Cleveland City Charter provided that if no more than two persons filed nominating petitions for the office at a primary election, no primary election would be held, and the persons would be candidates at the regular municipal election. Id. at 41. The appellant was one of two persons to file a nominating petition for the office of city council member for the primary. Id. at 39. The board of elections refused, however, to certify appellant's petition because he had inserted an incorrect date for the primary election in the blanks on the form. Id.

{¶ 30} We held that under the specific facts presented, appellant's misstatement of the primary election date was insufficient to render the petition invalid and to prevent his candidacy:

{¶ 31} "Had appellant failed to place any date in the space provided, it is clear that the part-petitions would be invalid. * * *

{¶ 32} "Where, however, as in this case, appellant has not omitted the date for the primary election, but, rather, misstated the same, it is not inappropriate, in determining whether such defect invalidates the part-petitions, to consider the public purpose served by the requirement. * * * It appears that the purpose for requiring the date of the primary election to appear upon the part-petition is to inform the electors who sign the part-petitions as to which election is at issue. That purpose has not been frustrated in this case.

{¶ 33} "* * * There being no primary election required, it is unlikely that the part-petitions' signers were misled by inclusion of the erroneous date. Moreover, the date provided in the part-petitions was sufficient, in this case, to inform the signers thereof of which election or office was in issue." *Hill*, 68 Ohio St.2d at 40-41, 22 O.O.3d 179, 428 N.E.2d 402.

{¶ 34} Stewart cites the portion of the foregoing discussion in *Hill* that opines that if the candidate there had omitted the date of the primary election rather than misstating it, the petition would have been invalid, and the candidacy would have been rejected.

{¶ 35} Stewart's reliance on *Hill*, however, is misplaced because the portion of the opinion he cites is dicta. That is, in *Hill*, we were not resolving a claim involving a prospective candidate who had failed to place any election date in the nominating petition. Moreover, *Hill* involved a municipal charter requirement rather than R.C. 3513.07. Further, the charter provision, as quoted in that case, did not include any date on the petition besides the date of the primary election. Id. at 40. By contrast, in Haley's petition, he specified that he wants to

8

be a candidate for the Republican Party nomination to the office of county commissioner for the "full term commencing *1-1-11*." And the petition heading specifies that it is for a primary election.

{¶ 36} Nevertheless, *Hill* is instructive in that it explains the purpose of requiring a primary election date on a nominating petition – "to inform the electors who sign the part-petitions as to which election is at issue." Id. at 41. Because Haley's declaration of candidacy and petition expressly states that he is seeking to be the party nominee for the office of county commissioner for the term commencing January 1, 2011, it is manifest that the applicable primary election is the May 4, 2010 primary election.

{¶ 37} In fact, the date of the applicable primary election is set by law. See R.C. 3513.01(A) ("on the first Tuesday after the first Monday in March of 2000 and every fourth year thereafter, and *on the first Tuesday after the first Monday in May of every other year*, primary elections shall be held for the purpose of nominating persons as candidates of political parties for election to offices to be voted for at the succeeding general election" [emphasis added]); cf. *State ex rel. Baur v. Medina Cty. Bd. of Elections* (2000), 90 Ohio St.3d 165, 168, 736 N.E.2d 1, quoting *Nunneker v. Murdock* (1983), 9 Ohio App.3d 73, 77, 9 OBR 93, 458 N.E.2d 431 (in municipal referendum petition, error in the election date is not a fatal defect because the " 'actual designation of the date of election is a matter determined by operation of law, and cannot be altered by the circulators of a petition' ").

{¶ 38} Nor does our decision in *State ex rel. Allen v. Lake Cty. Bd. of Elections* (1959), 170 Ohio St. 19, 9 O.O.2d 337, 161 N.E.2d 896, support Stewart's prohibition claim. In that case, we denied a writ of mandamus to compel a board of elections to place a candidate's name on an election ballot because "substantial compliance [with the statutory requirements of R.C. 3513.261] would not warrant complete omission of the jurat of the circulator,"

which "is a vital and material part of the nominating petition paper, and its inclusion is a condition precedent to the acceptance and validation of a candidate's nominating petition paper by a board of elections." Id. at 20. As noted previously, the omission of the primary election date on Haley's declaration of candidacy and petition is not a "vital and material" defect when a signer would not be misled by the omission. Other cases cited by Stewart are similarly distinguishable because they involve different requirements and different circumstances from those here.

{¶ 39} In *Moreno v. Jones* (2006), 213 Ariz. 94, 139 P.3d 612, the Arizona Supreme Court denied a comparable challenge to a candidate's nominating petition, which under the applicable Arizona statute was required to substantially comply with a form including language stating the date of the primary election. The court held that a petition that left blank the particular day and month of that year's primary election substantially complied with the statutory requirement because "electors would 'automatically know' for which primary election they were signing because the petition specified the year and there is only one primary that year for state legislative office." Id. at ¶ 45.

{¶ 40} Therefore, the facts of this case meet the test set forth in *Stern*, 14 Ohio St.2d at 184, 43 O.O.2d 286, 237 N.E.2d 313. R.C. 3513.07 requires only substantial compliance with the form of the declaration of candidacy and petition. The omission of the date of the primary election in Haley's declaration and petition would not mislead any petition signer or elector, and there is no claim of fraud or deception. Haley's petition therefore adequately informs electors that the May 4, 2010 primary election is the one at issue. *Hill*, 68 Ohio St.2d at 41, 22 O.O.3d 179, 428 N.E.2d 402. No vital public purpose or public interest would have been served by rejecting Haley's petition.

{¶ 41} Consequently, we deny Stewart's claim for extraordinary relief in prohibition because the board of elections and its members acted properly in

denying his protest to Haley's candidacy. This result comports with our duty to " 'avoid unduly technical interpretations that impede the public policy favoring free, competitive elections.' " *State ex rel. Myles v. Brunner*, 120 Ohio St.3d 328, 2008-Ohio-5097, 899 N.E.2d 120, ¶ 22, quoting *State ex rel. Ruehlmann v. Luken* (1992), 65 Ohio St.3d 1, 3, 598 N.E.2d 1149.

**Conclusion**

**{¶ 42}** Based on the foregoing, we dismiss Stewart's mandamus claim for lack of jurisdiction and deny his prohibition claim because he failed to establish that the board of elections and its members abused their discretion or clearly disregarded applicable law by denying his protest against Haley's candidacy.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

McTigue & McGinnis, L.L.C., Donald J. McTigue, Mark A. McGinnis, and J. Corey Colombo, for relator.

Richard W. Moyer, Clinton County Prosecuting Attorney, and Andrew McCoy, Assistant Prosecuting Attorney, for respondent.

Chester, Willcox & Saxbe, L.L.P., Donald C. Brey, Elizabeth J. Watters, and Deborah A. Scott, for intervening respondent.

Michael O. Eshleman, urging denial of the writs for amicus curiae, Robert E. Waters.

_____