THE STATE EX REL. ESHLEMAN ET AL. *v.* FORNSHELL ET AL.

[Cite as *State ex rel. Eshleman v. Fornshell,*

**125 Ohio St.3d 1, 2010-Ohio-1175.**]

*Elections — Mandamus and prohibition — Writ of prohibition sought to prevent a board of elections from placing a name on a primary-election ballot and writ of mandamus sought to compel a board of elections to place a name on a primary-election ballot — R.C. 3513.07 expressly requires only substantial compliance with specified form of declaration of candidacy — Failure of candidate to fill in date of election in declaration of candidacy does not render petition deficient when date of election is otherwise clear from the declaration — Writ of prohibition denied and writ of mandamus granted.*

(No. 2010-0438 — Submitted March 22, 2010 — Decided March 24, 2010.)

IN PROHIBITION AND MANDAMUS.

_____

**Per Curiam.**

{¶ 1} This is an expedited election action for a writ of prohibition to prevent respondents, Warren County Board of Elections and its members, from placing the name of Walter Robert Davis on the May 4, 2010 primary-election ballot for the office of member of the Warren County Republican Party Central Committee for the 73rd Precinct and for a writ of mandamus to compel the board and its members to place the name of relator Robert E. Waters on the May 4, 2010 primary-election ballot for the Libertarian Party nomination for State Representative for the 67th District. We deny the writ of prohibition and grant the writ of mandamus.

**Facts**

*Eshleman's Protest Against Davis*

{¶ 2} Relator Michael O. Eshleman is an attorney and registered voter in Turtlecreek Township, Warren County, Ohio. Eshleman is a candidate for member of the Warren County Republican Party Central Committee for the Turtlecreek Township Southwest (73rd) Precinct whose candidacy has been certified to the May 4, 2010 primary-election ballot. Walter Robert Davis is also a candidate for member of the county central committee for the 73rd Precinct whose candidacy was certified to the primary-election ballot.

{¶ 3} Eshleman submitted a written protest to the board against Davis's candidacy in which he claimed that Davis should be disqualified because (1) Davis had not completed the declaration of candidacy before he circulated the petition and (2) Davis amended his petition after filing it, and without the prohibited amendments, the petition would be invalid.

{¶ 4} On March 2, the board held a hearing on Eshleman's protest at which sworn testimony was submitted. At the hearing, Davis admitted that before circulating his petition, he had filled in only the year and not the month and day in the blanks provided for the date of the primary election, and that after he circulated the petition, he added the month and day of the primary election to his declaration of candidacy before he filed it. In addition, Eshleman testified that he had seen Davis fill in the number of signatures in the circulator statement on his petition after it had been time-stamped as filed with the board of elections. The board employee who filed the petition testified that he did not think that Davis had filled in anything on his petition after it was time-stamped as filed. Davis similarly testified that although he could not be absolutely sure, he did not believe that he had filled in any part of his petition after it was time-stamped.

{¶ 5} At the conclusion of the hearing, the board denied Eshleman's protest. The board concluded that Davis had complied with R.C. 3513.07 by

specifying the year of the primary election — 2010 — in his declaration of candidacy before he circulated the petition. The board of elections further concluded that Eshleman had failed to establish that Davis had amended his petition after it had been filed, because it found Eshleman and Davis to be equally credible.

*Waters's Candidacy*

{¶ 6} On February 18, 2010, relator Robert Waters filed a declaration of candidacy and petition with the board of elections seeking the nomination of the Libertarian Party for State Representative for the 67th District. Waters's declaration of candidacy left the date of the primary election blank, but specified that he was a candidate for the office with the full term commencing on January 1, 2011:

{¶ 7} "I hereby declare that I desire to be a candidate for nomination to the office of <u>State Representative</u> as a member of the <u>Libertarian</u> Party from the <u>67</u> District for the: (check one box and fill in the appropriate date) ☑ full term commencing <u>01 Jan. 11,</u> or ☐ unexpired term ending _____, at the primary election to be held on the _____ day of _____, ____."

{¶ 8} The board of elections determined that Waters's petition was deficient because he had omitted the date of the primary election in his declaration of candidacy. The director of the board invited Waters to address the board about his petition at its March 2 meeting. At that meeting, the board did not change its earlier decision.

*Writ Action*

{¶ 9} On March 9, a week after the board of elections denied relator Eshleman's protest against Davis's candidacy for member of the central committee and failed to reverse its denial of relator Waters's candidacy for state representative, relators filed this expedited election action. Relator Eshleman requests a writ of prohibition to prevent the board of elections and its members

from placing Davis's name on the May 4, 2010 primary-election ballot as a candidate for member of the Warren County Republican Party Central Committee for the Turtlecreek Township Southwest (73rd) Precinct. Relator Waters requests a writ of mandamus to compel the board and its members to place his name on the May 4, 2010 primary-election ballot as a candidate for the Libertarian Party nomination for State Representative for the 67th District. The board and its members filed an answer, and the parties submitted evidence and briefs pursuant to S.Ct.Prac.R. 10.9.

{¶ 10} This cause is now before the court for our consideration of the merits.

### Legal Analysis

*Prohibition*

{¶ 11} Relator Eshleman requests a writ of prohibition to prevent the board of elections and its members from placing Davis's name on the May 4, 2010 primary-election ballot as a candidate for member of the central committee. To be entitled to the writ, Eshleman must establish that (1) the board of elections and its members are about to exercise quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Finkbeiner v. Lucas Cty. Bd. of Elections*, 122 Ohio St.3d 462, 2009-Ohio-3657, 912 N.E.2d 573, ¶ 14.

{¶ 12} Eshleman established the first and third requirements for the writ because the board of elections "exercised quasi-judicial authority by denying his protest after conducting a hearing that included sworn testimony," and he lacks an adequate remedy in the ordinary course of law due to the proximity of the May 4 primary election. *State ex rel. Wellington v. Mahoning Cty. Bd. of Elections*, 120 Ohio St.3d 198, 2008-Ohio-5510, 897 N.E.2d 641, ¶ 10; *State ex rel. Smart v. McKinley* (1980), 64 Ohio St.2d 5, 6, 18 O.O.3d 128, 412 N.E.2d 393.

**{¶ 13}** For the remaining requirement, Eshleman claims that the board of elections abused its discretion and clearly disregarded applicable law by denying his protest and certifying Davis's candidacy for member of the central committee. See *State ex rel. Tremmel v. Erie Cty. Bd. of Elections*, 123 Ohio St.3d 452, 2009-Ohio-5773, 917 N.E.2d 792, ¶ 15. "An abuse of discretion implies an unreasonable, arbitrary, or unconscionable attitude." *State ex rel. Cooker Restaurant Corp. v. Montgomery Cty. Bd. of Elections* (1997), 80 Ohio St.3d 302, 305, 686 N.E.2d 238.

**{¶ 14}** Eshleman first claims that Davis's candidacy should have been rejected because when Davis's petition was circulated, the declaration portion lacked the month and day of the primary election and included only the year of the election – 2010. He claims that Davis thus failed to comply with the form of declaration of candidacy and petition required in R.C. 3513.07, which provides blanks to be filled by the candidate for the specific date, i.e., day, month, and year, of the primary election.

**{¶ 15}** Eshleman asserts that R.C. 3513.07 requires strict compliance. Although it is true that "the settled rule is that election laws are mandatory and require strict compliance and that substantial compliance is acceptable only when an election provision expressly states that it is," see *State ex rel. Ditmars v. McSweeney* (2002), 94 Ohio St.3d 472, 476, 764 N.E.2d 971, R.C. 3513.07 expressly states that a prospective candidate for a party nomination to be voted for at a primary election need only "substantially" comply with the specified form of declaration of candidacy and petition specified in the statute. Therefore, Eshleman's contention lacks merit. See *State ex rel. Wilson v. Hisrich* (1994), 69 Ohio St.3d 13, 16, 630 N.E.2d 319 ("R.C. 3513.07 may be satisfied by substantial compliance with the form of a declaration of candidacy and petition * * *").

**{¶ 16}** Moreover, Davis substantially complied with R.C. 3513.07 despite the omission of the month and day of the primary election on his declaration of

candidacy and petition. In *State ex rel. Stewart v. Clinton Cty. Bd. of Elections*, 124 Ohio St.3d 584, 2010-Ohio-1176, ___ N.E.2d ___, ¶ 40, we resolved a comparable claim by holding that if the omission of the primary-election date from the declaration of candidacy and petition cannot possibly mislead any petition signer or elector, there is no claim of fraud or deception, and no vital public purpose would be served by rejecting the petition, the form substantially complies with R.C. 3513.07 and the board of elections does not abuse its discretion or clearly disregard the statute by denying a protest against the candidacy. See also *Stern v. Cuyahoga Cty. Bd. of Elections* (1968), 14 Ohio St.2d 175, 180 and 184, 43 O.O.2d 286, 237 N.E.2d 313; *Moreno v. Jones* (2006), 213 Ariz. 94, 139 P.3d 612 (denying a comparable challenge to a candidate's nominating petition when candidate omitted day and month, but not the year of the primary election). Davis's declaration of candidacy specified 2010 as the year of the primary election, and under R.C. 3513.01(A), the date of the applicable primary election is set by law as May 4, 2010.

{¶ 17} Eshleman next claims that the board abused its discretion and clearly disregarded R.C. 3501.38(E)(1) and (I)(1) because Davis did not include a circulator statement indicating the number of signatures on each petition paper when the petition was filed and Davis corrected this defect by adding the number of signatures in the circulator statement on the petition papers after the petition had been filed. He cites his hearing testimony in support of this argument.

{¶ 18} Nevertheless, Davis and the board employee who filed his petition provided testimony at the hearing from which the board could reasonably infer that Davis had completed the circulator statement before he filed the petition with the board. Given the conflicting evidence on the issue, we will not substitute our judgment for that of the board of elections. *State ex rel. Greene v. Montgomery Cty. Bd. of Elections*, 121 Ohio St.3d 631, 2009-Ohio-1716, 907 N.E.2d 300, ¶

22; see also *State ex rel. Wolfe v. Delaware Cty. Bd. of Elections* (2000), 88 Ohio St.3d 182, 185, 724 N.E.2d 771.

{¶ 19} Based on the foregoing, the board of elections neither abused its discretion nor clearly disregarded applicable law by denying Eshleman's protest and certifying Davis's name to the May 4, 2010 primary-election ballot.

*Mandamus*

{¶ 20} Relator Waters seeks a writ of mandamus to compel the board of elections and its members to place his name on the May 4, 2010 primary-election ballot as a candidate for the Libertarian Party nomination for State Representative of the 67th District. To be entitled to the writ, Waters has to establish a clear legal right to the requested relief, a clear legal duty on the part of the board and its members to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Husted v. Brunner*, 123 Ohio St.3d 288, 2009-Ohio-5327, 915 N.E.2d 1215, ¶ 8. Because of the proximity of the May 4 election, Waters has established that he lacks an adequate remedy in the ordinary course of law.

{¶ 21} For the remaining requirements, Waters claims that the board of elections and its members abused their discretion and clearly disregarded R.C. 3513.07 by rejecting his candidacy because his declaration of candidacy omitted the date of the primary election. See id. at ¶ 9 (in an extraordinary action challenging a decision of a board of elections, the standard is whether it engaged in fraud or corruption or abused its discretion or acted in clear disregard of the law). Waters has established his claim because, like the candidate whose placement on the primary-election ballot was challenged in *Stewart*, 124 Ohio St.3d 584, 2010-Ohio-1176, ___ N.E.2d ___, and who also omitted the primary-election date in his declaration of candidacy but specified that he sought the nomination to an office with a term commencing on January 1, 2011, Waters substantially complied with R.C. 3513.07 by specifying in his declaration that he sought nomination to an office for a full term commencing on January 1, 2011.

Waters's petition thus adequately informed electors that the May 4, 2010 primary election was the pertinent election, see R.C. 3513.01(A), there was no claim of fraud or deception, and no vital public purpose or public interest is served by rejecting his petition.

{¶ 22} Therefore, Waters is entitled to the requested extraordinary relief in mandamus to compel placement of his name on the May 4, 2010 primary-election ballot. This result is consistent with our duty to " 'avoid unduly technical interpretations that impede the public policy favoring free, competitive elections.'" *State ex rel. Myles v. Brunner*, 120 Ohio St.3d 328, 2008-Ohio-5097, 899 N.E.2d 120, ¶ 22, quoting *State ex rel. Ruehlmann v. Luken* (1992), 65 Ohio St.3d 1, 3, 598 N.E.2d 1149.

## Conclusion

{¶ 23} Based on the foregoing, we deny Eshleman's prohibition claim to prevent the Warren County Board of Elections and its members from placing the name of Walter Robert Davis on the May 4, 2010 primary-election ballot for the office of member of the Warren County Republican Party Central Committee for the 73rd Precinct. And we grant a writ of mandamus to compel the Warren County Board of Elections and its members to place the name of relator Robert E. Waters on the May 4, 2010 primary-election ballot for the Libertarian Party nomination for State Representative for the 67th District.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Michael O. Eshleman, for relators.

Rachel A. Hutzel, Warren County Prosecuting Attorney, and Keith W. Anderson, Assistant Prosecuting Attorney, for respondents.

_____