[Cite as *State ex rel. Ford v. McClelland*, 2013-Ohio-4379.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100014**

# STATE OF OHIO EX REL.,
# NATHAN FORD

RELATOR

vs.

# JUDGE ROBERT McCLELLAND

RESPONDENT

**JUDGMENT:**
COMPLAINT DISMISSED

Writ of Mandamus
Motion No. 466634
Order No. 468429

**RELEASE DATE:** October 1, 2013

**FOR RELATOR**

Nathan Ford, Pro Se
Inmate No. 513816
Trumbull Correctional Institution
P.O. Box 901
Leavittsburg, OH    44430


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    James E. Moss
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH    44113

MELODY J. STEWART, A.J.:

{¶1} Nathan Ford has filed a complaint for a writ of mandamus. Ford seeks an order from this court that requires Judge Robert McClelland to discharge the duty imposed by Civ.R. 58(B) when rendering a ruling with regard to a petition for postconviction relief filed pursuant to R.C. 2953.21. Ford argues that upon rendering a judgment with regard to a petition for postconviction relief, Civ.R. 58(B) creates a duty on the part of Judge McClelland to endorse upon the judgment an instruction to the clerk to serve upon all parties notice of the judgment and its date of entry upon the journal. Judge McClelland has filed a motion to dismiss, that we grant for the following reasons.

{¶2} To be entitled to a writ of mandamus, Ford must demonstrate a clear legal right to the requested relief, a clear legal duty on the part of Judge McClelland to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Eshleman v. Fornshell*, 125 Ohio St.3d 1, 2010-Ohio-1175, 925 N.E.2d 609. Ford must also prove that he is entitled to the writ by clear and convincing evidence. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452.

{¶3} In this case, Ford filed petitions for postconviction relief in *State v. Ford*, Cuyahoga C.P. Nos. CR-464709 and CR-469583 on March 20, 2013. On March 26, 2013, Judge McClelland denied the petitions. Ford alleges that the judgment entries that were signed by Judge McClelland and denied his petitions for postconviction relief, did not contain a direction to the clerk to serve upon all parties notice of the judgments as required by Civ.R. 58(B). On May 7, 2013, Ford filed a "motion for proper notice"

requesting that Judge McClelland comply with Civ.R. 58(B) with regard to the judgment entries of March 26, 2013, that denied his petitions for postconviction relief. The "motion for proper notice" remains pending.

{¶4} An action for postconviction relief is a civil proceeding. *State v. Nichols*, 11 Ohio St.3d 40, 463 N.E.2d 375 (1984). Because an action for postconviction relief constitutes a civil proceeding, the notice requirement of Civ.R. 58 is applicable to any judgment rendered with regard to a motion for postconviction relief.

{¶5} This court, in *State v. Tucker*, 8th Dist. Cuyahoga No. 95556, 2011-Ohio-4092, ¶ 9, addressed the issue of Civ.R. 58 and the requirement that the trial court direct the clerk to serve notice upon the parties of a judgment and held that:

> The state argues that the instant appeal was filed over 1500 days out of rule. Generally, a party has 30 days from the date of a final, appealable order to perfect an appeal. App.R. 4(A). However, the Ohio Supreme Court has recognized that the right to an appeal is a property interest that must be protected and afforded due process. *Atkinson v. Grumman Ohio Corp.* (1988), 37 Ohio St.3d 80, 523 N.E.2d 851. As such, Civ.R. 58 was enacted in Ohio to preserve the appellate rights of individuals. This is a bright-line rule establishing that if the clerk of courts properly perfects service within three days of the issuance of the judgment, then parties have 30 days to file a notice of appeal no matter if service is actually received. However, if service is not perfected as outlined in Civ.R. 58, then the period for filing an appeal is tolled according to App.R. 4(A). This rule states, "[a] party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."
>
> Here, the trial court did not direct the clerk to serve notice upon the parties. The clerk also failed to note the date of any notice sent. Accordingly, because service was not perfected in accordance with Civ.R. 58, the time for filing an appeal never began to run, and the instant appeal is timely.

*See also Whitehall ex rel. Fennessy v. Bambi Motel*, 131 Ohio App.3d 734, 723 N.E.2d 633 (10th Dist.1998); *State v. Stanley*, 2d Dist. Greene No. 2012-CA-17, 2013-Ohio-306; *State v. Smith*, 7th Dist. Jefferson No. 05-JE-49, Ohio App. LEXIS 4572 (Sept. 1, 2006); *State v. Stevens*, 2d Dist. Montgomery No. 16562, 1998 Ohio App. LEXIS 2622 (June 12, 1998); *Lamberson v. State Farm Mut. Auto. Ins. Co.*, 10th Dist. Franklin No. 94APE02-274, 1994 Ohio App. LEXIS 3818 (Aug. 25, 1994).

**{¶6}** Clearly, pursuant to Civ.R. 58(B), Ford possesses the right to notice and Judge McClelland possesses a duty to endorse upon any judgment, when dealing with a civil proceeding, a direction to the clerk of the trial court "to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal." The right and duty provided by Civ.R. 58(B) is applicable to the disposition of a petition for postconviction relief, which is considered civil in nature. *State v. Nichols*, *supra.*

**{¶7}** It must also be noted that Ford's knowledge of the denial of the petitions for postconviction relief, journalized on March 26, 2013, was insufficient to begin the running of the time for appeal absent the formal notice required by Civ.R. 58(B). *Welsh v. Tarentelli*, 76 Ohio App.3d 831, 603 N.E.2d 399 (10th Dist.1992); *Britford v. Duncan*, 10th Dist. Franklin No. 93AP-385, 1993 Ohio App. LEXIS 5417 (Nov. 12, 1993). The 30-day time limit, contained in App.R. 4(A), does not begin to run until the later of: (1) entry of the judgment or order appealed if the notice mandated by Civ.R. 58(B) is served within three days of the entry of the judgment; or (2) service of the notice

of judgment and its date of entry if service is not made on the party within the three-day period in Civ.R. 58(B). Because the trial court never endorsed upon the judgments of March 26, 2013, the required "direction to the clerk to serve upon all parties * * * notice of the judgment and its date of entry upon the journal," the time for appeal of the judgments of March 26, 2013, never began to run. *Lamberson*, *supra*; *Whitehall*, *supra*.

{¶8} However, the existence of an adequate remedy at law prevents this court from issuing a writ of mandamus on behalf of Ford. Here, Ford possesses an adequate remedy in the ordinary course of the law. *State ex rel. Jones v. Ansted*, 131 Ohio St.3d 125, 2012-Ohio-109, 961 N.E.2d 192; *State ex rel. Cunnigham v. Lindeman*, 126 Ohio St.3d 481, 2010-Ohio-4388, 935 N.E.2d 393. Ford has filed a "motion for proper notice," which remains pending before Judge McClelland. If the motion is granted, and proper notice is accomplished through Judge McClelland's compliance with Civ.R. 58(B), Ford is permitted to file an appeal from the original denial of his petition for postconviction relief within the 30-days provided by App.R. 4(A). If the motion is denied, Ford possesses the ability to file an appeal from the denial of his "motion for proper notice."

{¶9} Accordingly, we grant Judge McClelland's motion to dismiss. Costs to Judge McClelland. Costs waived. The court directs the clerk of court to serve all parties with notice of this judgment and the date of entry upon the journal required by Civ.R. 58(B).

{¶10} Complaint dismissed.

_____
MELODY J. STEWART, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and
PATRICIA ANN BLACKMON, J., CONCUR