25CA0519 Peo v Parks 02-26-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0519
Arapahoe County District Court No. 09CR1337
Honorable Jacob Edson, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Timothy Scott Parks,

Defendant-Appellant.

ORDER AFFIRMED

Division V
Opinion by JUDGE TOW
Lipinsky and Taubman*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 26, 2026

Philip J. Weiser, Attorney General, Austin R. Johnston, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Timothy Scott Parks, Pro Se


*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    Defendant, Timothy Scott Parks, appeals the postconviction court's order denying his postconviction motion without a hearing. We affirm.

## I.    Background

¶ 2    In 2009, the prosecution charged Parks with possession with intent to distribute a controlled substance, four traffic violations, and seven habitual criminal counts. Parks pleaded not guilty and proceeded to a jury trial.

¶ 3    After hearing the evidence, the jury convicted Parks of the drug and traffic charges. The trial court then held a bench trial on the habitual criminal counts and found that the prosecution had proven six of the seven counts. The court sentenced Parks to thirty-two years in the custody of the Department of Corrections.

¶ 4    Parks appealed and asserted, as relevant to this appeal, that Colorado's habitual criminal procedures were unconstitutional because they violated his right to a jury trial. *See People v. Parks*, 2015 COA 158, ¶ 28. A division of this court rejected his contention, relying on decisions from other divisions of this court concluding that a defendant was not entitled to a jury trial on

habitual criminal counts. *Id.* at ¶ 29. The Colorado Supreme Court denied certiorari review, and a mandate issued in April 2016.

¶ 5 More than eight years later, the United States Supreme Court announced *Erlinger v. United States*, 602 U.S. 821 (2024), which addressed a federal statute that mandated enhanced sentences for defendants with three prior convictions for violent felonies or serious drug offenses "committed on occasions different from one another," 18 U.S.C. § 924(e)(1). The Supreme Court held that defendants are entitled to have a jury resolve whether the prior convictions were committed on occasions different from one another. *Erlinger,* 602 U.S. at 835; *see People v. Gregg,* 2025 CO 57, ¶ 24 (applying *Erlinger* to Colorado's former habitual criminal statute).

¶ 6 A few months after *Erlinger*'s announcement, Parks moved for postconviction relief under Crim. P. 35(a) and (c). He asserted that, "[b]ased on the *Erlinger* opinion, and preexisting precedent, the Fifth and Sixth Amendment[s] required [his] habitual counts to be proven to a jury, not to a court." Parks therefore maintained that his sentence violated the United States Constitution, his habitual criminal counts should be dismissed, and he should be

2

resentenced. The postconviction court denied the motion, determining that Parks was not entitled to a jury trial on the habitual criminal charges.

## II. Discussion

¶ 7 Parks asserts that the postconviction court erred by denying his motion. Because Parks's motion was untimely and successive, we conclude that the court properly denied it.

¶ 8 To begin, we consider whether Parks's motion was cognizable under Crim. P. 35(a) or 35(c). The motion's substance controls whether it is a Crim. P. 35(a) or 35(c) motion. *See People v. Collier*, 151 P.3d 668, 670 (Colo. App. 2006). For the reasons described below, we conclude that the motion was properly brought under Crim. P. 35(c), not 35(a).

¶ 9 As relevant here, Crim. P. 35(a) provides that a court "may correct a sentence . . . that was imposed without jurisdiction at any time." A sentence is "imposed without jurisdiction" if it lies within the range contemplated by statute but was otherwise imposed in excess of the court's subject matter jurisdiction. *People v. Wenzinger*, 155 P.3d 415, 418 (Colo. App. 2006).

3

¶ 10 In contrast, Crim. P. 35(c) permits a defendant to challenge a conviction on the grounds that, as relevant here, (1) the conviction was obtained or sentence imposed in violation of the United States or Colorado constitutions or (2) the defendant was convicted under a statute that is in violation of the United States or Colorado constitutions. Crim. P. 35(c)(2)(I)-(III).

¶ 11 Parks maintains that, because the trial court violated his constitutional right to a jury trial on the habitual criminal counts, the court lacked subject matter jurisdiction to impose sentence on those counts. But Parks cites no authority for his proposition. To the contrary, we agree with the People that errors under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), do not deprive the court of subject matter jurisdiction. *See Wenzinger*, 155 P.3d at 419 (noting that the defendant's assertions under *Apprendi* and *Blakely* were not reviewable under Crim. P. 35(a)). And *Erlinger* was merely an extension of *Apprendi*. *See Erlinger*, 602 U.S. at 835 (observing that the case was "as nearly on all fours with *Apprendi* . . . as we might imagine"). Thus, we see no reason to treat an error under *Erlinger* as implicating the court's subject matter jurisdiction.

¶ 12    We therefore conclude that, because Parks is challenging his conviction and sentence on constitutional grounds, his claim is reviewable only under Crim. P. 35(c).

¶ 13    We review de novo a postconviction court's denial of a Crim. P. 35(c) motion without a hearing. *People v. Cali*, 2020 CO 20, ¶ 14. We may affirm the court's denial of a Crim. P. 35(c) motion on any grounds supported by the record. *See People v. Aarness*, 150 P.3d 1271, 1277 (Colo. 2006).

¶ 14    We liberally construe a pro se party's filings. *People v. Bergerud*, 223 P.3d 686, 696-97 (Colo. 2010); *see also Cali*, ¶¶ 8, 34 (applying this concept to a pro se defendant's Crim. P. 35(c) motion). However, this rule does not permit us to rewrite the motion or "act as an advocate for a pro se litigant." *Cali*, ¶ 34. Thus, although we broadly construe a pro se litigant's motion to effectuate the substance, rather than the form, we do not consider issues not raised in a motion for postconviction relief. *Id.*

¶ 15    Parks's postconviction motion was subject to summary dismissal because it was both untimely and successive.

¶ 16    For non-class 1 felonies, Crim. P. 35(c) claims must be brought within three years of the conviction becoming final. *See*

5

§ 16-5-402(1), C.R.S. 2025*; see also People v. Stanley*, 169 P.3d 258, 259 (Colo. App. 2007) (a conviction becomes final when the mandate issues from the direct appeal).  Parks moved for postconviction relief more than five years after the expiration of the three-year deadline in section 16-5-402(1).  Thus, his motion was untimely.

¶ 17     Moreover, under Crim. P. 35(c)(3)(VI), the postconviction court must deny any claim raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant.  And it is undisputed that Parks raised the same claim — that he was entitled to a jury trial on the habitual criminal counts — in his direct appeal.  *See Parks*, ¶¶ 28-29.  Therefore, the motion was successive.

¶ 18     While there are exceptions to both of these procedural bars, Parks did not assert either of them in his postconviction motion.  For example, he did not allege that there was justifiable excuse or excusable neglect for his untimely filing.  *See* § 16-5-402(2)(d).  Nor did Parks allege in his motion that *Erlinger* applies retroactively.  *See* Crim. P. 35(c)(2)(VI)(b) (providing an exception to the successiveness bar for "[a]ny claim based on a new rule of

constitutional law that was previously unavailable, if that rule has been applied retroactively"); *see also People v. Rainer*, 2013 COA 51, ¶ 29 (noting that a defendant may have justifiable excuse based on a new rule of substantive constitutional law announced after the deadline in section 16-5-402), *rev'd on other grounds*, 2017 CO 50. Thus, even broadly construing the motion, Parks did not allege an exception to the procedural bars. And though he attempts to advance such arguments in his appellate briefing, we do not address arguments made for the first time on appeal. *See Cali,* ¶ 34.

¶ 19    In sum, because Parks's motion was untimely under section 16-5-402(1), and successive under Crim. P. 35(c)(2)(VI), the postconviction court did not err by denying the motion without a hearing or appointment of counsel. *See People v. Moriarity*, 8 P.3d 566, 569 (Colo. App. 2000) (noting that a defendant is not entitled to a hearing or appointment of counsel "if the motion, the files, and the record establish that the defendant is not entitled to relief as a matter of law"). Accordingly, we affirm the postconviction court's order, albeit on different grounds, *see Aarness*, 150 P.3d at 1277.

### III. Disposition

¶ 20 The order is affirmed.

JUDGE LIPINSKY and JUDGE TAUBMAN concur.